### CHARLES C. JENNINGS v. ALONZO T. PRENTICE.

*Assignee's responsibility—Privilege of witness—Replevin—Evidence of value.*

An assignee of goods, bringing replevin against a constable who had levied on them under an execution against the assignor, may be cross-examined as to whether he was not wholly irresponsible at the time of the assignment, if the purpose is to show that it was a fraud on creditors.

A witness has no privilege that excuses him from testifying to relevant facts that show him to be guilty of fraud or dishonesty, if not criminal.

Where questions are excepted to on the ground of privilege, the objection cannot be raised for the first time in the Supreme Court that they were not proper cross-examination.

In replevin against a constable for goods, the defendant may show their market value by testimony that he had sold them publicly after full notice to those who would be likely to become bidders, and that they brought only certain sums.

In replevin against a constable for goods levied on, the question whether defendant was indemnified in making levy, and also, by whom, is irrelevant.

Error to Kalamazoo. Submitted October 11. Decided October 22.

REPLEVIN. Defendant brings error.

*Robert F. Hill* for plaintiff in error. An assignee must be of sufficient character and means to afford assurance to creditors that the fund will be safe in his hands and the trust properly administered, Burrill on Assignments, 62; *Angell v. Rosenbury,* 12 Mich., 253; *Reed v. Emery,* 8 Paige, 417; *Cram v. Mitchell,* 1 Sandf. Ch., 251; *Currie v. Hart,* 2 id., 353; *Connah v. Sedgwick,* 1 Barb., 210; the price obtained on execution sale is *prima facie* evidence of market value. Sedgwick on Damages, 354, n 2.

*Germain H. Mason* for defendant in error.

COOLEY, J. In the court below Prentice was plaintiff and sought to recover from Jennings the value of certain liquors which Jennings had taken from his possession. When their respective claims to the liquors were disclosed, it appeared that Prentice claimed the liquors under a general assignment made to him by one Bullard for the benefit of his creditors, and that Jennings was a constable, and had levied upon the liquors by virtue of certain executions against Bullard and under a claim that the assignment was fraudulent and void.

1. Prentice was a witness on his own behalf, and on cross-examination was asked several questions the purpose of which was to show that at the time the assignment was made to him he was wholly irresponsible. He refused to answer the questions, and the court, while declaring that the questions were proper, refused to require him to answer. The remark of the court in that connection—"I don't think this is an inquisitorial

age "—appears to indicate an impression that an endeavor was being made to compel from the witness a disclosure of something humiliating or disgraceful to himself; but this was an error. The disclosure the questions called for was no more than governments frequently require of their citizens for the purposes of tax levies, and the feeling displayed by the witness when the questions were put to him was wholly uncalled for. But had the information which the questions were intended to elicit been damaging, that would have been no reason for refusing to answer.

The avowed purpose of the questions was to show that Prentice, by reason of want of pecuniary responsibility, was an unfit person to select for assignee, and to raise an inference that Bullard, in selecting him with knowledge of this unfitness, must have contemplated a fraud upon his creditors. For this purpose the questions were proper. *Angell v. Rosenbury*, 12 Mich., 241. Had they tended directly to connect Prentice with the fraud, there was no privilege behind which he could shield himself from answering. When discreditable facts are aside from the issue, a witness may sometimes refuse to impair his evidence by a disclosure; but when they are relevant, it is no excuse for his refusal to testify concerning them that they may exhibit him in a light that is not creditable. His dishonesty or fraud, when not criminal, may as properly be proved by him as by any other person.

It is said in this court that the questions were improper on cross-examination because nothing on the direct examination had been called out which the answers to them could have any tendency to qualify or explain. It is sufficient to say in reply that no such question was made below, and that the witness planted himself upon a positive and insulting refusal to answer.

2. When the defense took the case an offer was made to show that defendant had made public sale of the liquors, or of some part of them, after taking unusual

pains to give notice of the sale to those who would be likely to become bidders, and that at such sale they brought only certain sums. The object was to show what was the market value of the liquors. As bearing upon this inquiry the evidence was competent, and it was erroneously rejected. *Smith v. Mitchell*, 12 Mich., 180.

3. The plaintiff was allowed to inquire of the defendant when giving his evidence whether he was indemnified in making levy on the liquors, and if so, by whom. No reason is suggested for this ruling, and none occurs to us. The fact had no relevancy whatever.

4. Objections are taken to the charge of the court, but although the meaning is blindly expressed in some particulars, we find no error of law in it.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.