## AMERICAN LITHOGRAPHIC COMPANY *v.* WERCKMEISTER.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 115.   Argued April 10, 1911.—Decided May 29, 1911.

The forfeiture for infringement of copyright prescribed by § 4965, Rev. Stat., is not only for every copy found in possession of the infringer, but in the alternative for every copy by him sold.

Where a distinction is plainly made in an act of Congress prescribing penalties as to different classes of the offense, the court need not search for the reason for making the distinction but must give it effect.

Under § 4965, Rev. Stat., no penalty for infringement can be recovered with respect to prints, photographs, etc., except for sheets found in defendant's possession, and there cannot be two actions as to the same copies, one for replevin and the other for penalty; but with respect to paintings, statues and statuary an action can be brought for penalties on copies sold by the infringer and not included in those replevied in another action. *Werckmeister* v. *American Tobacco Co.*, 207 U. S. 375; *Hills* v. *Hoover*, 220 U. S. 334, distinguished.

The authority to issue writs conferred on courts of the United States by § 14 of the Judiciary Act of 1789, and § 716, Rev. Stat., includes the authority to issue subpoenas *duces tecum;* and it was not the purpose of § 724, Rev. Stat., to interpose an obstacle with respect to the issuance of such subpoenas.

The act of July 2, 1864, c. 210, § 3, 13 Stat. 351, now Rev. Stat., § 858, removing disabilities of witnesses on account of being parties to the action removed whatever obstacle existed as to issuing subpoenas *duces tecum* to parties.

Section 860, Rev. Stat., providing that no pleading or discovery obtained from a party or witness by means of judicial proceeding shall be used against him in any criminal proceeding, relates to using the evidence in a subsequent proceeding.

A corporation defendant in a suit to enforce penalties under § 4965, Rev. Stat., for infringment of copyright is not entitled under the Fourth or Fifth Amendment to object to the admission of evidence of entries in its books produced under a subpoena *duces tecum*. *Wilson* v. *United States, ante,* p. 361.

THE facts, which involve the construction of § 4965, Rev. Stat., are stated in the opinion.

*Mr. Wm. A. Jenner* for plaintiff in error:

Section 4965 is a penal statute, and prosecutions under it, although civil in form, are essentially criminal prosecutions. See *Backus* v. *Gould*, 7 How. 798, 811, construing the sixth section of the act of February 3, 1831, corresponding to § 4965. *Bolles* v. *Outing Co.*, 175 U. S. 262, 264; *Werckmeister* v. *Am. Tobacco Co.*, 207 U. S. 375, 381.

Discovery, i. e., production of books and papers, will not be ordered in chancery in aid of an action to enforce penalties. See 2 Story's Eq. Jur., §§ 1319, 1494; 2 Daniel's Ch. Pl. & Pr. 1557; 2 Beach, Mod. Eq. Jur., § 871; 2 Story, Eq. Jur., § 1494; *Horsburg* v. *Baker*, 1 Pet. 232; *Boyd* v. *United States*, 116 U. S. 616, 631; *United States* v. *Saline Bank*, 1 Pet. 100; *Counselman* v. *Hitchcock*, 142 U. S. 563.

The exemption has always been allowed in actions for penalties under the copyright and patent laws. *Atwill* v. *Ferrett*, 2 Blatchf. 39; *Johnson* v. *Donaldson*, 18 Blatchf. 287; 1 Daniel's Chancery Pr., 4th Am. ed., 563; Story's Eq. Pl., § 575; *Snow* v. *Mast*, 63 Fed. Rep. 623; *Daly* v. *Brady*, 69 Fed. Rep. 285. Section 724 has been applied to exempt from production in penalty cases against corporations. *United States* v. *National Lead Co.*, 75 Fed. Rep. 94.

The compulsory production of defendant's books and the obtaining of evidence therefrom in support of plaintiff's case was error, and the rights of plaintiff in error under Rev. Stat., §§ 724 and 860 were violated by the compulsory production of its books and the compulsory reading in evidence by Mr. Eddy, its treasurer, of entries therefrom. The subpœna *duces tecum* was not rightfully available to the plaintiff to obtain production of books in a penalty action. Section 724 governs the production of books in an action at law. Under § 724 defendant could not rightfully be compelled to produce its books. As to

the authority to issue the subpœna *duces tecum,* Section 724 controls the production of book evidence from the adversary party at the trial and excludes all other modes of compelling production. *Ex parte Fisk,* 113 U. S. 713; *Union Pacific R. R. Co.* v. *Botsford,* 141 U. S. 250; *Hanks Dental Assn.* v. *Tooth Crown Co.,* 194 U. S. 303.

The history of § 724 shows that its object was to provide in actions at law a method of obtaining inspection of books and papers analogous to discovery in equity. *Owyhee Land Co.* v. *Tautphaus,* 109 Fed. Rep. 547; *Hylton's Lessee* v. *Brown,* 1 Wash. C. C. 298; *Finch* v. *Rikeman,* 2 Blatch. 302.

In Blackstone's time the subpœna *duces tecum* was not available in actions at law for bringing into court the books of a party, and hence was not a writ "agreeable to the usages and principles of law," under § 14 of the Judiciary Act of 1789 (Rev. Stat., § 716). In *Merchants' Nat. Bank* v. *State Nat. Bank,* 3 Cliff. 201, the court held that at common law parties could not be compelled to attend or by subpœna *duces tecum* to produce books. *United States* v. *Reyburn,* 6 Pet. 363; *President &c.* v. *Hillard,* 5 Cowen, 419.

In suits in equity resort has sometimes been had to subpœnas *duces tecum* to obtain from the adverse party production of books, as in *Bischoffsheim* v. *Brown,* 29 Fed. Rep. 341; *Johnson Steel Co.* v. *North Branch Co.,* 48 Fed. Rep. 191, 195; *Edison Elec. Co.* v. *U. S. Elec. Co.,* 44 Fed. Rep. 294; *Same* v. *Same,* 45 Fed. Rep. 55. But see *Gregory* v. *Chicago, M. & St. P. R. Co.,* 10 Fed. Rep. 529; *Kirkpatrick* v. *Pope Mfg. Co.,* 61 Fed. Rep. 46.

Section 724 has not been modified expressly or by implication.

Section 860 is expressly applicable to actions for the enforcement of a penalty and prescribes that "No pleading of a party, nor any discovery or evidence obtained from a party or witness by means of a judicial proceed-

ing . . . shall be given in evidence, or in any manner used against him" in such an action.

*Mr. Antonio Knauth* for defendant in error.

MR. JUSTICE HUGHES delivered the opinion of the court.

This is a writ of error to review a judgment of the Circuit Court of Appeals affirming a judgment upon a verdict in favor of Emil Werckmeister, plaintiff below. The action was brought under § 4965, p. 959, ch. 3, of the United States Revised Statutes, to recover penalties for the infringement of a copyright. The subject of the copyright was the painting "Chorus," and the penalties demanded were for copies printed and sold by the Lithographic Company.

It is contended that the recovery was unauthorized by the statute, for the reason that the copies were not found in the defendant's possession. Section 4965, Rev. Stat.; 3 U. S. Comp. Stat., p. 3414, so far as material, provides:

"SEC. 4965. If any person, after the recording of the title of any map, chart, dramatic or musical composition, print, cut, engraving, or photograph, or chromo, or of the description of any painting, drawing, statue, . . . shall . . . engrave, etch, work, copy, print, publish . . . or import, either in whole or in part, . . . or, knowing the same to be so printed, published, . . . or imported, shall sell or expose to sale any copy of such map or other article, as aforesaid, he shall forfeit to the proprietor all the plates on which the same shall be copied, and every sheet thereof, either copied or printed, and shall further forfeit one dollar for every sheet of the same found in his possession, either printing, printed, copied, published, imported, or exposed for sale; and in case of a painting, statue, or statuary, he shall forfeit ten dollars for every copy of the same in his possession, or by him sold or exposed for sale."

The contention is "that the penalty attaches in the case of a *painting* only under the same conditions as in the case of a *print;* that the intent of the statute is to differentiate a *painting* from a *print* only in respect to the amount of the penalty, $1 in case of a print, and $10 in case of a painting; and that, in both cases, a *finding in possession of the defendant* is a condition precedent to the recovery of the penalty." It is further urged that only one action can be maintained for forfeiture of the copies and for the penalties, and that the action lies only against the person in whose possession the copies are found, and that the penalties are to be computed upon the number so found.

The argument fails to give effect to the express provision of the statute. Its words are "he shall forfeit ten dollars for every copy of the same in his possession, *or by him sold* or exposed for sale." No process of construction can override this explicit language. The prescribed forfeiture is not only for every copy found "in his possession," but, in the alternative, for every copy "by him sold." We need not search for the reason for the distinction between maps, charts, photographs, prints, etc., on the one hand, and paintings, statues and statuary on the other. The character of the latter suggests the basis; but the distinction is plainly made, and it must be given effect.

With respect to prints, photographs, etc., the money penalty for the acts defined is "one dollar for every sheet of the same found in his possession, either printing, printed, copied, published, imported, or exposed for sale." The words "found in his possession" limit the entire clause. And no penalty can be recovered in such case except for sheets found in the possession of the defendant. *Bolles v. Outing Company,* 175 U. S. 262.

The cases of *American Tobacco Company v. Werckmeister,* 207 U. S. 284, and *Werckmeister v. American To-*

*bacco Company*, 207 U. S. 375, related to the same copyrighted painting that is involved here. In the first case there was a recovery in an action in the nature of replevin of 1196 sheets containing copies. The second action was brought to recover the money penalties for the sheets seized in the former action. The question was whether there could be two actions against the same party; one for the seizure of the sheets forfeited and another for the penalties, and it was held "that the statute contemplated but a single action in which the defendant should be brought into court, the plates and sheets seized and adjudicated to the owner of the copyright, and the penalty, provided for by the statute, recovered." See. *Hills & Company* v. *Hoover*, 220 U. S. 334, 335. These decisions did not involve the determination that an action could not be brought to enforce the forfeiture prescribed by the statute in a case of the sale of copies of a copyrighted painting where there was no finding in possession, and hence no proceeding to forfeit copies so found. Here, there is no attempt to recover in a second action penalties which should have been embraced in a former action; and the recovery is based simply upon the forfeiture incurred by sales of the prohibited copies.

Assuming that the action for the penalties would lie, it is further contended by the defendant company that its rights under § 724, p. 137, c. 12, and § 860, p. 163, c. 17, of the Revised Statutes were violated by the compulsory production of its books and the reception in evidence of entries showing sales of infringing copies.

Without attempting to state in detail the proceedings which culminated in the introduction of the book entries in evidence, it is sufficient to say that after a review of the course of the trial, and of the directions and rulings of the court during its progress, we are satisfied that the enforced production of the books cannot properly be said to rest upon an order made under § 724, but that in fact they

were produced under a subpœna *duces tecum* served upon the company's officer.

But, it is urged, that the books were those of a party to the action, and hence that the limitations of § 724 must be deemed controlling; that in actions at law this section excludes all other modes of compelling production of books or writings by the adversary party.

Under § 14 of the Judiciary Act of 1789 (§ 716, Rev. Stat.), power was conferred upon the Federal courts to issue all writs not specially provided for by statute, which may be necessary for the exercise of their respective jurisdictions and agreeable to the practice and usages of law. This comprehended the authority to issue subpœnas *duces tecum*, for "the right to resort to means competent to compel the production of written, as well as oral, testimony, seems essential to the very existence and constitution of a court of common law." *Amey* v. *Long*, 9 East, 484. Section 724, which was originally § 15 of the Judiciary Act of 1789, was to meet the difficulty arising out of the rules relating to parties at common law and to provide, by motion, a substitute *quoad hoc* for a bill of discovery in aid of a legal action. *Carpenter* v. *Winn*, decided this day, *ante*, p. 533.

But by the act of July 2, 1864, c. 210, § 3, 13 Stat. 351, it was provided that there should be "no exclusion of any witness on account of color, nor in civil actions because he is a party to, or interested in, the issue tried." This provision was continued in § 858 of the Revised Statutes. "The purpose of the act in making the parties competent was, except as to those named in the proviso, to put them upon a footing of equality with other witnesses, all to be admissible to testify for themselves and compellable to testify for the others." *Texas* v. *Chiles*, 21 Wall. 488, p. 492. Section 858 was amended by the act of June 29, 1906, ch. 3608 (34 Stat. 618), which refers the competency of witnesses in the courts of the

United States to the laws of the State or Territory in which the court is held.

It was not the purpose of § 724 to interpose an obstacle to the exercise of the general power of the court with respect to the issuance of subpœnas *duces tecum*, and that was not its effect. The barrier, in the case of parties, existed independently of the provisions of the section and by these it was sought to mitigate the resulting inconvenience. When, however, the rule as to parties was changed it followed that the obstacle was removed and by virtue of the general authority of the court subpœnas *duces tecum* may run to parties as well as to others,—leaving those who are subpœnæd to attack the process if of improper scope or lacking in definiteness, or to assert against its compulsion whatever privileges they may enjoy. See *Merchants' National Bank* v. *State National Bank*, 3 Cliff. 203, 204; *Nelson* v. *United States*, 201 U. S. 92.

We conclude, therefore, that no question arises under § 724, which cannot be regarded as providing an exclusive procedure. The subpœna was valid; and the books called for were produced. The inquiry, then, is as to the admissibility of the entries.

It is insisted that the evidence was inadmissible under § 860 of the Revised Statutes. This ground, although it had been relied upon earlier in the trial, was not included in the objection—as it was formally stated at length—when the books were finally produced and the entries offered. But, apart from this, the statute did not afford a sufficient basis for objection.

Section 860—since repealed by the act of May 7, 1910, ch. 216 (36 Stat. 352),—was a reënactment of § 1 of the act of February 25, 1868, ch. 13 (15 Stat. 37), and provided:

"SEC. 860. No pleading of a party, nor any discovery or evidence obtained from a party or witness by means of a judicial proceeding in this or any foreign country, shall

be given in evidence, or in any manner used against him or his property or estate, in any court of the United States, in any criminal proceeding, or for the enforcement of any penalty or forfeiture: *Provided,* That this section shall not exempt any party or witness from prosecution and punishment for perjury committed in discovering or testifying as aforesaid."

This language is inapposite here, for it manifestly refers to a case where, in some prior judicial proceeding, discovery had been made or testimony had been given and the evidence so obtained was sought to be used. The object of the statute is sufficiently plain. It was intended to give immunity as to subsequent proceedings to the one making discovery or testifying. But it was held to be inadequate, because it was not co-extensive with the constitutional privilege. *Counselman* v. *Hitchcock,* 142 U. S. 547, 564; *Brown* v. *Walker,* 161 U. S. 594.

In the present case, the question, therefore, must be whether under the Fourth and Fifth Amendments of the Constitution of the United States the defendant Company, as it contends, was entitled to object to the admission in evidence of the entries from its books. As to this, we need only refer to the recent decisions of this court. *Hale* v. *Henkel,* 201 U. S. 43; *Nelson* v. *United States, supra; Hammond Packing Company* v. *Arkansas,* 212 U. S. 348, 349; *Wilson* v. *United States,* decided May 15, 1911, *ante,* p. 361.

We have examined the errors assigned with respect to other rulings on questions of evidence and the refusal of the court to direct a verdict for the defendant, and we find no ground for a reversal of the judgment.

*Affirmed.*