POLLOCK et al. v. MARTIN GAUGE CO.

MARTIN GAUGE CO. v. POLLOCK et al.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1919.)

Nos. 2641, 2694.

1. PATENTS ⬤⧴328—AUTOMOBILE TIRES; VALIDITY AND INFRINGEMENT.
The Pollock patent, No. 1,220,272, for an automobile tire pressure gauge, *held* valid and infringed.

2. PATENTS ⬤⧴316—INFRINGEMENT BY ASSIGNOR OF PATENT.
Though an inventor, who had assigned his patent in connection with others, infringed the same, such conduct, though reprehensible, is no ground for a decree compelling the inventor to assign another patent to his assignee.

3. PATENTS ⬤⧴319(1)—DAMAGES IN EXCESS OF COMPENSATION.
While Comp. St. § 9464, provides for the punishment of willful infringers, the question whether damages in excess of compensatory damages shall be awarded must be determined by the District Court on accounting.

⬤⧴For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

-Appeals from the District Court of the United States for the East-. ern Division of the Northern District of Illinois.

Suit by the Martin Gauge Company against Albert E. Pollock and others. From the decree (251 Fed. 295), which granted part only of the relief sought, defendant appeals, and complainant also appeals. Affirmed.

Frank H. Drury, of Chicago, Ill., for appellants.

Edward Rector and Lynn A. Williams, both of Chicago, Ill., for appellee.

Before BAKER, EVANS, and PAGE, Circuit Judges.

EVANS, Circuit Judge. [1] The opinion of the District Judge, appearing in 251 Fed. 295, fully and accurately describes the patent in suit, sets forth the issues in controversy in No. 2641, and the various contentions in support of them, and relieves us of the necessity of stating them. We are in accord with the views expressed in that opinion and agree with the conclusions there reached. We therefore adopt the opinion of the District Court.

Patent No. 1,220,272 is valid and infringed.

The Martin Gauge Company has, likewise, appealed from the decree, assigning as error the court's refusal to direct the assignment of patent No. 1,219,865 to it. We have examined the record with care, but fail to find evidence that would justify us in disturbing the finding of the District Court on this issue.

[2, 3] Reprehensible as was the conduct of the infringer, we find therein no basis for a decree directing an assignment of another patent. Other evidence, upon which assignment might be ordered, we do not find. The statute (section 9464, U. S. Comp. Stats. 1916) provides for the punishment of the willful violator. But whether damages in excess of the compensatory damages shall be awarded, as well as the amount thereof, must be determined by the District Court upon the accounting.

The decree is affirmed, appellants to pay the costs, in No. 2641. In 2694, the appellant, Martin Gauge Company, shall pay the costs.