## PERKINS OIL WELL CEMENTING CO. v. OWEN.

(District Court, S. D. California, S. D. October 11, 1923.)

No. 114.

1. **Witnesses ⊚⇒293½—Party interrogated under equity rule entitled to claim privilege.**

    A party to a suit in equity, to whom interrogatories are propounded under equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), is entitled to the same constitutional protection from being required to answer incriminating questions as any other witness, but no greater.

2. **Witnesses ⊚⇒294—Claim of privilege not allowed where admissions will only subject witness to redress for a private grievance.**

    A witness cannot make a claim of privilege, where the result of admissions will be only to subject him to redress for a private grievance, and not as punishment for a public wrong.

3. **Witnesses ⊚⇒294—Defendant in infringement suit cannot refuse to answer interrogatories on the ground that it may subject him to treble damages.**

    The provisions of the patent law (Rev. St. §§ 4919, 4921 [Comp. St. §§ 9464, 9467]) permitting recovery of treble damages for infringement, are remedial, and a defendant cannot refuse to answer interrogatories on the ground that his answers may subject him to such damages.

In Equity. Suit by the Perkins Oil Well Cementing Company against J. M. Owen. On exceptions by defendant to interrogatories. Overruled.

See, also, 293 Fed. 455.

Lyon & Lyon, of Los Angeles, Cal., for plaintiff.
Westall & Wallace, of Los Angeles, Cal., for defendant.

JAMES, District Judge. Defendant has presented exceptions to interrogatories propounded by the plaintiff. The suit is for infringement of patent, and claim is made for recovery of treble damages under the statutory provision. The defendant insists that to compel him to make answer to the interrogatories may result in admissions

being extracted from him which will aid in making out a case justi-
fying treble damages, and that hence he is privileged not to answer.
Counsel for the plaintiff was disposed at the argument to admit that
the defendant might not be compelled to answer interrogatories which
would have the result indicated, but claimed that defendant had waived
that privilege by appearing and making answer, and by submitting his
own affidavit on an application for temporary injunction heretofore
heard.

[1] The question as to whether such privilege can be claimed under
the circumstances shown, excluding the matter of waiver altogether,
is not to be decided in agreement with the position taken by defendant.
The question is not that a court of equity extends any peculiar or un-
usual consideration to a party to an action, when testimony is required
of him, but whether the ground here urged would be generally avail-
able to a witness when called upon to testify in any action in a court
of justice, be it in law or in equity, or of a criminal nature. And the
right to refuse to answer must ultimately rest upon constitutional pro-
tection, by which a person is relieved from furnishing evidence against
himself, where the result of the disclosure will be to punish him by
the imposition of a penalty, whether by fine or imprisonment, or of a
nature similar to either. Equity rule 58 (198 Fed. xxxiv, 115 C. C. A.
xxxiv), in its purpose and intent, and agreeably to the disposition and
spirit of modern practice to arrive at the truth and promote the admin-
istration of justice speedily, and with a lessening regard for obstruc-
tive forms and rules, contemplates without doubt the permitting of a
full interrogation of the parties to an action prior to the trial there-
of. It effects the purpose of enabling each party to be apprised of
precisely what issues proof is to be offered under, and altogether saves,
not only time and expense to litigants, but the time of counsel and
court as well. It may even, in possible cases, make a trial unneces-
sary and permit of judgment to be entered upon motion. Bronk v.
Scott Co., 211 Fed. 338, 128 C. C. A. 17 (C. C. A. 7th).

[2] Courts have held, and not a few of them, especially in earlier
decisions, that the mere fact that a party might in a suit, even a civil
one, be required by the judgment to pay a sum in excess of a compensa-
tory amount to his adversary, would entitle him, when examined as a
witness, to claim the privilege. This was extending the constitutional
protection under the plea of analogy to a limit which is not now recog-
nized to be reasonable. In 28 Ruling Case Law, p. 425, the editor
gives expression to what seems to be the modern rule, where it is
stated:

"However, it has been held that the privilege of a witness does not apply
to penalty of a purely remedial character, and the distinction between the
provisions of a remedial statute for the enforcement of the remedy and a
penal statute has been stated to be *that the penalty imposed by the remedial
statute is not imposed as a punishment for a public wrong, but as redress for
a private grievance.*"

And as was said by Judge Cooley in Jennings v. Prentice, 39 Mich.
421, a witness' "dishonesty or fraud, when not criminal, may as prop-
erly be proved by him as by any other person." If the objection in-

sisted upon here is valid, then the defendant could not be called as a witness on the trial and required to give any testimony relating to the alleged infringing device. Neither could he be required to produce his device. The question is not to be measured by restrictive rules governing bills of discovery. Such independent equity proceedings have largely fallen into disuse and been superseded by provisions of statute and rules of court. Discovery, as the Supreme Court of the United States observed, in Ex parte Boyd, 105 U. S. 657, 26 L. Ed. 1200, "would scarcely be resorted to, unless under special circumstances, now, when parties are competent witnesses, and can be compelled to answer, under oath, all relevant interrogatories properly exhibited. * * *" The Supreme Court of California, in Levy v. Superior Court, 105 Cal. 600, 38 Pac. 965, 29 L. R. A. 811, states that a witness cannot make the claim of privilege where the result of admissions will be only to impose a penalty provided as a redress for a private grievance and not as punishment for a public wrong. And this court, by the late Judge Trippet, in Quirk v. Quirk, 259 Fed. 597, made this pertinent observation:

"There is no reason why the parties should wait until the day of trial, and then bring in witnesses to prove facts that the parties may be compelled to admit under oath prior to the trial. The truth is always the truth, and telling the truth will not hurt any one, except in so far as he ought to be hurt. The only protection that should be afforded any litigant from answering any interrogatories, which call for material facts for the plaintiff or the defendant, is to protect him in his constitutional rights, such as to be compelled in a criminal case to be a witness against himself, and in matter of public policy, where the statute prohibits disclosures, such as confidential communications, etc."

This case was cited recently in a decision rendered here touching the right of the plaintiff to compel full disclosure of facts constituting the defense alleged. See Cobb Temperature Regulator Company et al. v. Baird et al., 292 Fed. 909, July 24, 1923.

[3] The statute allowing treble damages is remedial; the action is to redress a private grievance; defendant by any disclosure will not, so far as reasonably appears, make himself liable to prosecution for any public offense or a forfeiture of estate. Hence no constitutional right will be invaded by requiring him to make answer to the interrogatories. Some additional exceptions are specified by the defendant, but they were not particularly urged at the argument, and seem to be without merit.

The exceptions are overruled, with direction to defendant to make answer to the interrogatories within 15 days after notice given to his counsel of this ruling.