## STANDARD OIL CO. v. ROXANA PETROLEUM CORPORATION.

(District Court, S. D. Illinois, S. D. December 2, 1925.)

No. 306.

1. **Courts ☞351—Plaintiff permitted to file interrogatories before answer filed.**

In view of equity rule 58, authorizing plaintiff, at any time after filing bill, to file interrogatories, plaintiff's interrogatories will not be deferred until coming in of answer.

2. **Witnesses ☞293½—"Patent suit" not within self-incrimination clause of Fifth Amendment; such clause applying only to "criminal cases."**

A patent suit, which is a civil action to enjoin the further infringement of letters patent, and to recover damages sustained by plaintiff by reason of alleged infringement, is not within clause of Fifth Amendment of United States Constitution against self-incrimination as such clause applies only to "criminal cases," which means a prosecution for a criminal offense against party who is a witness.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Criminal Case or Cause.]

3. **Witnesses ☞293—Corporation not "person," within self-incrimination clause of Fifth Amendment.**

A corporation is not a "person" within the meaning of clause of Fifth Amendment against self-incrimination.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Person.]

4. **Witnesses ☞293—Self-incrimination clause in Fifth Amendment held not available to corporate defendant in patent suit, wherein plaintiff filed interrogatories.**

The protection of witnesses provided for in self-incrimination clause of Fifth Amendment *held* not available to a corporate defendant in a patent infringement suit, wherein plaintiff filed interrogatories directed to corporation itself.

5. **Patents ☞292—Burden rests on plaintiff in infringement suit to make out its case, and filing interrogatories one method of doing so.**

Burden rests on plaintiff in a patent infringement suit to make out its case, and one method of doing so is filing interrogatories with its bill, pursuant to equity rule 58, touching matters under consideration.

6. **Patents ☞319(3)—Remedy for infringement either at law or in equity.**

The remedies for infringement are either at law or in equity, and where evidence shows that infringement was willful, punitive damages, if awarded, must be determined by the court.

7. **Patents ☞319(3)—Court in its discretion may add punitive damages to compensatory damages, on defendant being adjudged guilty of patent infringement.**

Where defendants are adjudged guilty of infringing plaintiff's patent, only remaining

question is as to amount of damages to be allowed plaintiff, and under Rev. St. §§ 4919, 4921 (Comp. St. §§ 9464, 9467), court, in exercise of its discretion, is at liberty in proper case to add a sum to compensatory damages as found, as punitive or vindictive damages.

**8. Patents ⬅⇒292—Proceeding to recover damages for patent infringement not "action to recover penalty or forfeiture," warranting refusal to compel defendant to answer plaintiff's interrogatories.**

That court, under Rev. St. §§ 4919, 4921 (Comp. St. §§ 9464, 9467), may in its discretion allow treble damages, where defendant has been found to be an infringer in a patent suit, does not make a proceeding to recover damages for infringement an "action to recover a penalty or forfeiture," within meaning of established practice of discovery under equity rule 58, warranting court in refusing to compel defendant to answer plaintiff's interrogatories.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Action— Action at Law.]

**9. Patents ⬅⇒292—Recovery of limited damages does not involve "forfeiture of property," within chancery rule not to create discovery tending to forfeit property.**

Mere recovery of damages, where limits are fixed by statute, such as recovery of punitive damages in patent infringement suit, as authorized by Rev. St. §§ 4919, 4921 (Comp. St. §§ 9464, 9467), does not involve a "forfeiture of property," within chancery rule to never create a discovery which might tend to convict a party of a crime or forfeit his property.

In Equity. Patent infringement suit by the Standard Oil Company against the Roxana Petroleum Corporation. On defendant's motion for further bill of particulars, and defendant's objections to plaintiff's interrogatories. Motion denied, and objections to interrogatories overruled, with permission to defendant to file within 10 days specific objections to particular questions to interrogatories 4 to 55.

Russell Wiles and George A. Chritton, both of Chicago, Ill., for plaintiff.

Robert H. Parkinson and A. F. Reichmann, both of Chicago, Ill., for defendant.

FITZHENRY, District Judge. This cause comes on to be heard upon defendant's motion for a further bill of particulars and defendant's objections to plaintiff's interrogatories. Upon a former hearing a motion of defendant for a rule upon plaintiff to file a bill of particulars was allowed, and defendant required (1) to specify the claims which would be relied on to sustain its charge of infringement; (2) to point out what it deemed new and patentable in each of the claims of each of the patents in suit; (3) to designate which of the processes used by defendant was charged to infringe, and the steps of the infringing process which it is claimed infringed plaintiff's patents.

In compliance with this rule the plaintiff has filed a very full bill of particulars, covering about 10 typewritten pages of legal cap paper, and the present bill of particulars goes as far as it possibly could, in the light of the claim of lack of accurate knowledge of the exact processes in use, during the various periods involved, by the defendant in its refineries. This lack of accurate knowledge on the part of plaintiff is evidenced by the interrogatories filed, upon which plaintiff seeks discovery.

If it were the hope of defendant that plaintiff in its bill of particulars would abandon certain of the claims in some of the patents in suit, thus limiting the inquiry, of course, the present bill falls far short of such an anticipation. However, it is not within the power of the court at this time to require plaintiff to limit its various claims to relief at the sacrifice of its apparent rights under the three patents involved. The court is of the opinion that the bill of particulars, when considered in the light of the bill of complaint, is sufficient to advise defendant of the character of the infringement claim.

Under the circumstances as shown by the record in this case thus far, the court presumes that plaintiff is acting in good faith and has made the best answer that it could to the rule in its bill of particulars, without sacrificing its material rights. In the light of these circumstances, defendant's motion for a further bill of particulars will be denied.

Sur Defendant's Objections to Plaintiff's Interrogatories.

The bill in this case charges defendant with having infringed letters patent 1,119,-700, 1,388,514, and 1,448,254, being patents involving inventions of processes for the distillation of petroleum hydrocarbons. The prayer of the bill, among other things, is as follows: "2. Defendant account and pay to your orator defendant's profits and your orator's damages *and a sum in excess thereof not exceeding three times the actual damages and profits.*" In other words, this is an action in which plaintiff not only seeks the recovery of its compensatory damages, but also punitive or vindictive damages, sometimes called "smart money"; i. e., plaintiff seeks to recover, not only its compensatory damages, but asks the court to exercise its power

in patent cases by virtue of the following sentence from Rev. St. § 4921 (Comp. St. § 9467) : "And the court shall have the same power to increase such damages, in its discretion, as is given to increase the damages found by verdicts in actions in the nature of actions of trespass upon the case." This quoted sentence has reference to section 4919 (Comp. St. § 9464), which authorizes the court in an action of case to increase the damages "according to the circumstances of the case, not exceeding three    times the amount of such verdict.    *    *    *."

Defendant objects to the first three interrogatories, for the reason that they are purely vexatious and involve matters which are appropriately met in the formal parts of an answer. The other interrogatories involve defendant's processes and practices, Nos. 4 to 44, inclusive, covering the period from August 23, 1921, to October 29, 1923, while 45 to 55, inclusive, are limited to the period between March 13, 1923, and October 29, 1925. Defendant objects to those interrogatories upon the theory that it should not be compelled to answer, because the bill of complaint asks for the imposition of an award of three times the actual damages and profits; also because they are, exclusive of the first three, irrelevant, indefinite, impertinent, and the entire series amounts to a mere fishing excursion, and an attempt to compel defendant to give evidence against itself, upon which the plaintiff bases its claim to a penalty or forfeiture, in violation of the Fifth Amendment to the Constitution and the rule of equity against the allowance of discovery to a plaintiff upon which to base a penalty or forfeiture.

[1] Defendant's contention that the interrogatories should not be allowed at the present stage, and should be deferred until the coming in of the answer, cannot be sustained. Equity rule 58 expressly authorizes the plaintiff, "at any time after filing the bill," to file interrogatories in writing for the discovery by the opposite party or parties of facts and documents material to the support of the cause.

[2] A patent suit, which is a civil action to enjoin the further infringement of letters patent, and to recover damages sustained by the plaintiff by reason of the alleged infringement, is not the character of a proceeding referred to in the Fifth Amendment to the Constitution. The clause against self-incrimination, must be given a broad construction in favor of the right which it was intended to secure; the object being to insure a witness in any investigation in the federal courts against being compelled to give testimony which might tend to incriminate him. It applies, however, only to criminal cases, and the term "criminal case" means a prosecution for a criminal offense against the party who is a witness. Counselman v. Hitchcock, 142 U. S. 562, 12 S. Ct. 195, 35 L. Ed. 1110; Brown v. Walker, 161 U. S. 596, 16 S. Ct. 644, 40 L. Ed. 819; Lees v. United States, 150 U. S. 480, 14 S. Ct. 163, 37 L. Ed. 1150; Boyd v. United States, 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; I. C. C. v. Baird, 194 U. S. 45, 24 S. Ct. 563, 48 L. Ed. 860.

[3] The defendant here is a corporation, it is charged in the bill, and is a citizen of the state of Virginia. A corporation is not a person within the meaning of the protection of the Fifth Amendment. Hale v. Henkel, 201 U. S. 43, 26 S. Ct. 370, 50 L. Ed. 652; Baltimore, etc., R. Co. v. I. C. C., 221 U. S. 612, 31 S. Ct. 621, 55 L. Ed. 878; American Lith. Co. v. Werckmeister, 221 U. S. 603, 31 S. Ct. 676, 55 L. Ed. 873; American Tob. Co. v. Werckmeister, 207 U. S. 284, 28 S. Ct. 72, 52 L. Ed. 208, 12 Ann. Cas. 595. In Brown v. Walker, 161 U. S. 591, 16 S. Ct. 644, 40 L. Ed. 819, the Supreme Court had under consideration the protection of the Fifth Amendment to witnesses. The court said (page 597 [16 S. Ct. 647]) :

"Stringent as the general rule is, however, certain classes of cases have always been treated as not falling within the reason of the rule, and therefore constituting apparent exceptions. When examined, these cases will all be found to be based upon the idea that, if the testimony sought cannot possibly be used as a basis for, or in aid of, a criminal prosecution against the witness, the rule ceases to apply; its object being to protect the witness himself and no one else."

[4] This action being purely a civil one, to enjoin a further alleged infringement of plaintiff's patents and the recovery of its damages as provided by law, and the interrogatories in question being directed to the corporation itself, and their purpose manifestly being to limit the inquiry upon the merits, it must be held that the protection of a witness provided in the Fifth Amendment to the Constitution is not available to a corporate defendant in a case of this character.

[5] This being an infringement suit, the burden rests upon the plaintiff to make out its case. One of the methods provided by which it may make out its case is the filing of interrogatories with its bill touching matters under consideration. Equity rule 58.

[6, 7] The defendant being adjudged guilty of the infringement as charged, then the rights of the parties in the premises become fixed. The only remaining question is as to the amount of damages to be allowed the plaintiff. If the amount of the damages should be fixed by the verdict of a jury in an action on the case, or be ascertained by the court according to the equity rules, then the court, in the exercise of its discretion, is at liberty in a proper case to add a sum to the compensatory damages as found, as punitive or vindictive damages. The remedies for infringement are either at law or in equity, and where the evidence in the case shows that the infringement was willful, the punitive damages, if awarded, must be determined by the court. Pollock v. Martin Gauge Co. (C. C. A.) 261 F. 201. Section 4921 simply provides that, where the equitable remedy is pursued, the court shall have the same power to increase damages in its discretion as it would have under section 4919, where the damages are found by a jury in an action on the case. The latter section conferred no new power upon the court with reference to assessing "smart money" in a proper case, in addition to the amount of damages fixed in the verdict; but it is rather a limitation upon the well-known practice in such case, providing that the amount of punitive damages shall be "not exceeding three times the amount of such verdict." Where a plaintiff pursued the ancient remedy of case, and it was shown that the negligence of the defendant, or the disregard of the right of the plaintiff upon which the action was based, was willful, the allowance of punitive damages was recognized as justifiable and proper.

It has frequently been held that the effect of rule 58 is simply to change the method of discovery. Two very interesting and conflicting opinions from the Southern district of California have been urged upon the court upon the question of permitting discovery of the defendant in this case; the defendant urging with great force that the views of Judge Bledsoe, in Wilson v. Union Tool Co., 275 F. 624, should be followed here, and defendant's objections to plaintiff's interrogatories sustained by reason thereof. In that case it is held that a defendant should not be required to answer interrogatories, if the answers may eventuate in the imposition of a penalty, and that the treble damages to which a defendant, decreed guilty of infringing a patent, may be subjected are in the nature of a penalty within the rule. In the other case, Perkins Oil Well Cementing Co.

v. Owen, 293 F. 759, Judge James held: "The provisions of the patent law (Rev. St. §§ 4919, 4921; Comp. St. §§ 9464, 9467) permitting recovery of treble damages for infringement, are remedial, and a defendant cannot refuse to answer interrogatories on the ground that his answers may subject him to such damages."

In the Wilson Case, supra, the objections to the plaintiff's interrogatories were sustained. Afterwards plaintiff filed his petition for a rehearing, and upon the consideration of the petition the court filed a supplement to the former memorandum, discussing the authorities then brought to the attention of the court. In passing upon the petition, Judge Bledsoe said: "It may be conceded at the outset that a proceeding in a court of equity to enjoin infringement of a patent, and collect damages and profits for the infringement already suffered, is not a penal action. Nor does the possibility that the court may, in its discretion, award treble damages, convert such proceedings into a 'penal' action, within the primary significance of that term." The opinion then proceeds upon a very able discussion of the entire subject and, following some of the older decisions, holds that "treble damages" are so "in the nature of a penalty" as to justify a court of equity in declining to compel a defendant to furnish the evidence by his own answers whereby such damages may be inflicted.

"In the nature of a penalty" is a somewhat nebulous phrase, and might as appropriately be applied to damages in an action on the case, based upon ordinary negligence or an ordinary breach of duty to the plaintiff, even where no gross negligence had been charged or shown, or there had been no claim that there had been a deliberate, intentional, or willful disregard of plaintiff's rights as in a patent case, where a recovery is permitted against a defendant who had attempted to justify upon a patent void in the light of a plaintiff's patent, which was already a part of the prior art at the date of issue of defendant's patent and had been overlooked in the Patent Office. Any recovery of damages may well be said to be "in the nature of a penalty," where the defendant is required to pay for his breach of duty.

Judge James, in Perkins Oil Well Cementing Co. v. Owen, supra, adopted the text of 28 R. C. L. p. 425, as stating the modern rule with reference to the privilege of a witness, which is as follows: "However, it has been held that the privilege of a

witness does not apply to penalty of a purely remedial character, and the distinction between the provisions of a remedial statute for the enforcement of the remedy and a penal statute has been stated to be that the penalty imposed by the remedial statute is not imposed as a punishment for a public wrong, but as redress for a private grievance."

Judge James in his discussion said: "If the objection insisted upon here is valid, then the defendant could not be called as a witness on the trial and required to give any testimony relating to the alleged infringing device. Neither could he be required to produce his device."

Following these observations, it was held by the court: "The statute allowing treble damages is remedial; the action is to redress a private grievance; defendant by any disclosure will not, so far as reasonably appears, make himself liable to prosecution for any public offense or a forfeiture of estate."

In overruling objections to plaintiff's interrogatories in Grasselli Chemical Co. v. National Aniline & Chemical Co., Inc. (D. C.) 282 F. 379, where the same question was raised, Judge Learned Hand held substantially to the same effect. In Taylor v. Ford Motor Co., 2 F.(2d) 473, in the Northern district of Illinois, Judge Wilkerson recently adopted a holding in harmony with the views of Judge James of the Southern district of California. He held that in the enactment of section 4921, Congress authorized the allowance of treble damages as an incident to a decree in equity in a patent case. In that case Judge Wilkerson said: "There being no limitation in either the federal Constitution or statutes which protects the defendant corporation against answering the interrogatories, this court should not read into the general rule of the Supreme Court applicable to all equity cases an exception which the Supreme Court has not seen fit to incorporate in the rule itself, and which is not found in any interpretation of the rule which the Supreme Court has given in its decisions."

Judge Landis, in Hoskins v. Boeker, Equity No. 292, and which case is unreported, overruled objections to interrogatories, March 9, 1920, without opinion. Judge Woodrow of the District of Nebraska, in Page v. Drake-Williams-Mount Co., overruled objections, where the same questions were raised, without filing an opinion.

[8, 9] Upon a consideration of all of the authorities submitted in this case, the court is of the opinion that the mere fact that Congress has authorized the court, in its discretion, to allow treble damages in a proper case, where a defendant has been found to be an infringer in a patent suit, does not make a proceeding to recover damages for infringement an action to recover a penalty or forfeiture, within the meaning of the established practice of discovery under rule 58. Even viewing rule 58 as a mere change in procedure in reference to obtaining discovery, and extending the right to the defendant as well as the plaintiff, and that it was not intended to change the long-established rule in reference to the subject-matter of discovery, the court feels that this is true. In taking this position, the court is not unmindful of the cardinal rule of courts of chancery never to create a discovery which might tend to convict a party of a crime or forfeit his property (Boyd v. United States, 116 U. S. 631, 6 S. Ct. 524, 29 L. Ed. 746); but this wise provision of equity does not prevent a party from making discovery in an action for the redress of a private grievance, and involving no possibility of incrimination or forfeiture of property. A mere recovery of damages, where the limits are fixed by statute, does not involve a "forfeiture of property" within the well-recognized chancery rule.

Defendant's objections to the interrogatories of plaintiff, being general in their character, except as to the first three, the propriety only of which is questioned, will be overruled. However, inasmuch as it is apparent to the court that intricate chemical processes are involved in these interrogatories, the defendant will be permitted to file any specific objections to particular questions which it may have, to interrogatories 4 to 55, inclusive, within 10 days.