**APEX HOSIERY CO. v. LEADER et al.**

No. 6977.

Circuit Court of Appeals, Third Circuit.

Jan. 3, 1939.

M. Herbert Syme, of Philadelphia, Pa., for appellants.

Sylvan H. Hirsch, of Philadelphia, Pa., (Arno P. Mowitz, Mowitz & Kohlhas, and Sundheim, Folz & Sundheim, all of Philadelphia, Pa., of counsel), for appellee.

Before DAVIS, MARIS, and CLARK, Circuit Judges.

PER CURIAM.

The defendants in an action for treble damages under the Sherman Anti-Trust Act § 7, 15 U.S.C.A. § 15, note, have appealed from an order of the court below made under Federal Rules of Civil Procedure, rule 34, 28 U.S.C.A. following section 723c, for the discovery and production by them of documents for inspection, copying and photographing by the plaintiff for use at the trial of the action. An order of this nature is interlocutory and, therefore, not appealable. This has been expressly decided by the Supreme Court in the cases of Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275, and Fox v. Capital Co., 299 U.S. 105, 57 S.Ct. 57, 81 L.Ed. 67. In the former case Mr. Justice Brandeis said (pages 223, 224, 49 S.Ct. page 119): "The disposition made of the motion will necessarily determine the conduct of the trial and may vitally affect the result. In essence, the motion resembles others made before or during a trial to secure or to suppress evidence, such as applications to suppress a deposition, Grant Bros. Const. Co. v. United States, 232 U.S. 647, 661, 662, 34 S.Ct. 452, 58 L.Ed. 776; Pullman Co. v. Jordan (C.C.A.) 218 F. 573, 577; to compel the production of books or documents, Pennsylvania R. Co. v. International Coal Mining Co.

(C.C.A.) 156 F. 765; for leave to make physical examination of a plaintiff, Union Pacific Ry. Co. v. Botsford, 141 U.S. 250, 11 S.Ct. 1000, 35 L.Ed. 734; or for a subpoena duces tecum, Murray v. Louisiana, 163 U.S. 101, 107, 16 S.Ct. 990, 41 L.Ed. 87; American Lithographic Co. v. Werckmeister, 221 U.S. 603, 608–610, 31 S.Ct. 676, 55 L.Ed. 873. The orders made upon such applications, so far as they affect the rights only of parties to the litigation, are interlocutory. Compare Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686. It is only when disobedience happens to result in an order punishing criminally for contempt, that a party may have review by appellate proceedings before entry of the final judgment in the cause. Union Tool Co. v. Wilson, 259 U.S. 107, 110, 111, 42 S.Ct. 427, 66 L. Ed. 848."

While the appeal must be dismissed for want of jurisdiction, we think it may fairly be said that the order entered by the learned District Judge was most carefully drawn to prevent the plaintiff from unduly prying into the defendants' affairs.

Appeal dismissed.