TELEPHONE CREDIT UNION OF RHODE ISLAND

v.

Chester K. FETELA and New Hampshire Insurance Company.

No. 88-82-M.P.

Supreme Court of Rhode Island.

Feb. 19, 1990.

Abram P. Jarrett, Jr., North Smithfield, for plaintiff.

Raymond A. LaFazia, Gunning, LaFazia & Gnys, Inc., Providence, for defendants.

## OPINION

MURRAY, Justice.

This case is before the court on a writ of certiorari from a denial in Superior Court of the defendant's motion to quash the plaintiff's subpoenas. The defendant New Hampshire Insurance Company (insurance company) alleges that the trial justice erred in denying the defendant insurance company's motion to quash witness subpoenas for nonparty, nonresident witnesses when service was made upon the insurance commissioner of Rhode Island. The facts are briefly as follows.

On June 11, 1983, plaintiff Telephone Credit Union of Rhode Island (credit union) filed a complaint in Providence County Superior Court alleging that defendant Chester K. Fetela (Fetela) had defaulted on a promissory note and that defendant insurance company failed to pay the credit union as the beneficiary of the insurance policy on the collateral. The collateral was a 1966 Pacemaker yacht that had been destroyed by fire in 1981.

The insurance company denied the credit union's claim, alleging that the credit union had no right to sue on the contract because it was only a loss payee. The insurance company further alleges that a transfer of the policy by defendant Fetela voided the policy and that the statute of limitations had run on the action.

During discovery the credit union requested for production certain records held by the insurance company. On January 8 and 14, 1988, the credit union issued two subpoenas duces tecum requesting these records from the manager of the property-loss department and the keeper of underwriting records and files. The subpoenas were served upon the insurance commissioner of Rhode Island. Neither the manager of the property-loss department nor the keeper of underwriting records was a resident of Rhode Island. The insurance commissioner forwarded the subpoenas to the insurance company. The insurance company filed a motion to quash the subpoenas, alleging that they were improperly served on the insurance commissioner of Rhode Island.

On February 25, 1988, the trial justice heard arguments from both parties and denied the motion to quash in an order entered on March 3, 1988. The insurance company filed a petition for a writ of certiorari to this court, which we granted.

■ The issue before us is a narrow one. The defendant insurance company alleges as error on the record the denial by the trial justice of defendant's motion to quash subpoenas duces tecum served upon the insurance commissioner seeking documents from defendant insurance company's employees. The credit union asserts that service of process was made on the commissioner pursuant to G.L.1956 (1989 Reenactment) § 27–2–13 since defendant insurance company is an out-of-state insurance company doing business within the State of Rhode Island.

Section 27–2–13 requires foreign insurance companies to appoint the insurance commissioner of Rhode Island as their "true and lawful attorney * * * upon whom *all lawful process* in any action or proceeding against the company may be served" prior to doing business within the State of Rhode Island. (Emphasis added.) "Service upon the attorney shall be deemed sufficient service upon the principal * * *." *Id.*[1]

1. General Laws 1956 (1989 Reenactment) § 27–2–13 provides:
    "Commissioner as attorney to receive process.—No insurance company, not incorporated under the authority of this state, shall directly or indirectly issue policies, take risks, or transact business in this state, until it shall have first appointed in writing the insurance commissioner of this state to be the true and lawful attorney of the company in and for this state, upon whom all lawful process in any action or proceeding against the company may be served with the same effect as if the company existed in this state; provided, however, that if the insurance company shall make no appointment, the issuance or deliv-

Neither party finds fault with defendant's appointment of the insurance commissioner as defendant's lawful attorney as required by § 27–2–13. The controversy in this case involves the statutory interpretation of the terms "all lawful process" in § 27–2–13. The insurance company asserts that "all lawful process" refers to only the original service of process (issuance of a summons and complaint) to the insurance company upon the insurance commissioner and not service of witness subpoenas upon the insurance commissioner. Hence, the insurance company concludes that subpoenas duces tecum of nonparty, nonresident employees of the insurance company served upon the insurance commissioner are not "lawful process" within the meaning of § 27–2–13.

■  The plaintiff credit union served two subpoenas duces tecum on the insurance company. A subpoena duces tecum "is the process by which a court requires the production before it of documents, papers, or tangible things. The object of the writ is the production of evidence to be used, so far as admissible, before the court." 81 Am.Jur.2d *Witnesses* § 14 (1976). As a general rule a corporate subpoena should issue directly to the officer or employee of the corporation who is the custodian of the records desired. *American Lithographic Co. v. Werckmeister*, 221 U.S. 603, 31 S.Ct. 676, 55 L.Ed. 873 (1911); 81 Am.Jur.2d *Witnesses* § 19 (1976). The subpoenas were issued to employees of the insurance company, namely, the keeper of underwriting records and files and the manager of the property-loss department. These subpoenas seek the production of corporate records of the insurance company and the appearance of the custodian of these records in his or her corporate or business capacity. These custodians are nonparties in their individual and personal capacities, and they are not being subpoenaed as such. The insurance company is a corporation, and as a corporate "person" it can only appear through its agents, officers, and employees as representatives of the corporation. Hence as employees of the insurance company, these custodians are agents and representatives of a party to this action and are being subpoenaed as such. Subpoenas issued to the out-of-state insurance company's agents and employees are constructively subpoenas to the insurance company, which has appointed the insurance commissioner to receive "all lawful process" within the state.

In interpreting the Legislature's intended meaning of the terms "lawful process" contained in § 27–2–13, we look to the plain and ordinary meaning of the statutory language. Black's Law Dictionary 1085 (5th ed.1979) defines "legal process" as follows: "This term is sometimes used as equivalent to 'lawful process.' * * * [I]t means a summons, writ, warrant, mandate, or other process issuing from a court." Further "the term 'process' is synonymous with 'proceeding' and embraces the entire proceedings in an action from beginning to end." *Lister v. Superior Court*, 98 Cal. App.3d 64, 69, 159 Cal.Rptr. 280, 283 (1979); *see* 62 Am.Jur.2d *Process* § 1 (1972). Additionally the word "process" has different meanings depending on the context, spirit, and subject matter of the statute in which it occurs. *United States v. Fore*, 38 F.Supp. 142, 143 (S.D.Cal.1941).

---

ery of a policy or contract of insurance to, the taking of a risk for, or the transacting of business with a citizen of this state or a resident thereof or a corporation authorized to do business therein by the the company, shall be equivalent to an appointment for the service of all lawful process in any action or proceeding arising out of the policy or contract. The written power of attorney shall stipulate and agree on the part of the company that any lawful process against the company which is served on the attorney shall be of the same legal force and validity as if served on the company, and that the authority shall continue in force so long as any liability remains outstanding against the company in this state. A certificate of the written appointment, duly certified and authenticated, shall be filed in the office of the insurance commissioner, and copies certified by him or her shall be received in evidence in all the courts in this state. Service upon the attorney shall be deemed sufficient service upon the principal; service of process may also be effectuated in accordance with the procedures set forth in Rule 4 of the Rules of Civil Procedure."

Section 27–2–13's requirement that the insurance commissioner be appointed lawful attorney to receive "all lawful process" of any action against the insurance company is the Legislature's attempt to provide potential plaintiffs an opportunity to sue out-of-state insurance companies doing business within the State of Rhode Island that otherwise would be beyond the court's jurisdiction. It is not a bar to these potential plaintiffs to obtain valuable relevant evidence through discovery. The statute was intended to reach defendant insurance company and in the instant case to reach the insurance company's agents, including the keeper of underwriting records and files and the manager of the property-loss department. We find that in the instant case § 27–2–13 permits service of subpoenas duces tecum through the insurance commissioner to accomplish the production of corporate records.

The defendant asserts that Rule 45(c) of the Superior Court Rules of Civil Procedure governs the issuance of subpoenas to witnesses. The defendant claims that Rule 45(c) requires that a subpoena be served personally at any place within the state to the person named therein. Since the subpoenas were served upon the insurance commissioner and then forwarded to defendant out-of-state insurance company, this was not effective service.

Rule 45(c) provides in pertinent part:
"Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and by tendering to him or her the fees for one day's attendance and the mileage allowed by law. When the subpoena is issued on behalf of the state or an officer or agency thereof, fees and mileage need not be tendered. A subpoena may be served at any place within the state."

Rule 45(c)'s requirements for service of subpoenas to witnesses were fulfilled by plaintiff credit union when the subpoenas duces tecum were served upon the insurance commissioner who was served within the State of Rhode Island. Read together, § 27–2–13 and Rule 45(c) allow service of subpoenas duces tecum upon defendant insurance company's appointed agent within the state. Rule 45 requires that the subpoenas be served upon the person named therein. Since subpoenas issued to employees of the insurance company in their custodial-of-corporate-records capacity are constructively subpoenas to defendant insurance company, they were properly served upon the insurance commissioner who is located within the state.

Rule 5 governs the service of pleadings to parties subsequent to the complaint. Rule 5(b) provides that "[w]henever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney * * *." Since § 27–2–13 requires the insurance company to appoint the insurance commissioner as its lawful attorney in Rhode Island, service to be made upon the out-of-state party insurance company shall be made upon the insurance commissioner as its attorney.

Section 27–2–13's language and purpose is similar to G.L.1956 (1985 Reenactment) § 7–1.1–106 and § 7–1.1–108. These statutes set out analogous procedures for serving general business corporations located outside the State of Rhode Island. Section 7–1.1–106 provides that "[e]ach foreign corporation authorized to transact business in this state shall have and continuously maintain in this state * * * a registered agent." Moreover "[t]he registered agent so appointed by a foreign corporation authorized to transact business in this state shall be an agent of such corporation upon whom any process, notice or demand required or permitted by law to be served upon the corporation may be served." Section 7–1.1–108(a). The Legislature's intention to allow service of pleadings, subsequent to the original summons and complaint, upon the registered agent is clear from the broad language of the statute. Further, § 7–1.1–108(e) states that "[n]othing herein contained shall limit or affect the right to serve any process, notice or demand, required or permitted by law to be served upon a corporation in any manner now or hereafter permitted by law." The purpose of these statutes is also to allow potential plaintiffs to bring suit

against out-of-state corporations that would otherwise be outside the court's jurisdiction. Hence we see no purpose or justification in limiting service made upon the insurance commissioner merely because the out-of-state corporation is an insurance company.

The legislative purpose of § 27–2–13 would be frustrated if the court could obtain jurisdiction over out-of-state insurance companies doing business within the state but could not compel its out-of-state agents, employees, or officers to testify as material witnesses at trial and to bring material evidence to trial because they were outside the jurisdiction of the court. This interpretation would allow a foreign insurance company to shield itself indirectly from liability, despite § 27–2–13, by hiding behind the residencies of its agents and thereby preventing a plaintiff from building a case against it.

The plaintiff's complaint was brought under G.L.1956 (1985 Reenactment) § 6A–9–306 and § 6A–9–502. Numerous issues must be resolved under these statutes to determine the rights and liabilities of the parties. The plaintiff must obtain relevant material evidence contained only in corporate records of the defendant insurance company for a just adjudication of this case. Therefore, § 27–2–13 of the General Laws of Rhode Island was intended to reach out-of-state insurance companies and, in the instant case, to reach the insurance company's agent employees. The trial justice was correct in denying the defendant's motion to quash witness subpoenas.

The defendant's petition for certiorari is denied. The writ previously issued is quashed. The decision of the Superior Court is affirmed, and the case is remanded to the Superior Court with our decision endorsed thereon.