## AMERICAN LITHOGRAPHIC CO. v. WERCKMEISTER.

(Circuit Court of Appeals, Second Circuit.   April 4, 1906.   On Motion to Amend Mandate April 24, 1906.)

No. 106.

COPYRIGHT—PENALTY FOR INFRINGEMENT—PAINTING.

> Under Rev. St. § 4965 [U. S. Comp. St. 1901, p. 3414], providing the penalties recoverable for infringement of a copyright, and that the infringer "in case of a painting * * * shall forfeit ten dollars for every copy of the same in his possession or by him sold or exposed for sale," it is not necessary that the infringing copies of a painting shall be found in defendant's possession to authorize the recovery of the penalty named, as in case of a book or photograph, but it is sufficient if they were either so found or have been sold or offered for sale by defendant.

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon writ of error to review a judgment of the Circuit Court, Southern District of New York, in favor of defendant in error for $10,000, penalties for violation of section 4965, Rev. St. [U. S. Comp. St. 1901, p. 3414], one-half to plaintiff and one-half to the United States.

Wm. A. Jenner, for plaintiff in error.

Antonio Knauth, for defendant in error.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM.   The copyright in question relates to the picture Chorus, which was the subject of the litigation covered by our decision in American Tobacco Company v. Werckmeister (filed to-day) 146 Fed. 375.   Reference may be had thereto for the disposition of several of the points (assignment of copyright, requirements as to giving notice, etc.) which are urged upon the present appeal.

The complainant alleges a sale of 30,100 copies of the copyrighted painting.   None of these were found in the possession of defendant at the time of beginning action, under any process or otherwise.   Defendant insists that for that reason the plaintiff failed to show facts sufficient to sustain recovery.   Reliance is had on the decisions in Thornton v. Schreiber, 124 U. S. 612, 8 Sup. Ct. 618, 31 L. Ed. 577, and Bolles v. Outing Co., 175 U. S. 262, 20 Sup. Ct. 94, 44 L. Ed. 156.   In both those cases the copyrighted article was a photograph.   Defendant's counsel suggests that there is no reason apparent why there should be one measure of damages in the case of a book or photograph and another in the case of a painting; but it is a sufficient answer to such suggestion to note that the statute makes just such a distinction.   In

the case of a book or photograph the offending person shall forfeit "one dollar for every sheet found in his possession, either printing, printed, copied, published, imported, or exposed for sale." In the case of a painting he shall forfeit "for every copy of the same in his possession, or by him sold or exposed for sale." In the one case it will be noted that there is to be no penalty for any copy "sold"; in the other case a penalty for every copy "by him sold" is to be exacted. The structure of the sentence is conformed to this distinction. In the earlier quotation the words "found in his possession" qualify every subsequent word in the clause; in the later quotation the words "in his possession" are cut off from the next succeeding words "by him sold" by the use of the word "or." It is not necessary to inquire why this distinction is made; it is sufficient to say that it is made, in language so plain that to eliminate it would be judicial legislation.

We are satisfied, however, that there was not sufficient evidence to warrant the jury in finding as they did that the defendant had sold 1,000 copies or over to the American Tobacco Company. The representatives of both these corporations, and every individual officer and employé who was called to the stand, claimed privilege under the fifth amendment to the Constitution. So far as any privilege personal to the witness was concerned, there was no merit in such contention. No claim was made that there had been any sale or purchase by him, but only by the corporation in whose employ he was. In some instances the court required the witness to answer, but as to most of the questions and as to the books and papers of both corporations it sustained the objections. Apparently this was error. The Supreme Court has since held that corporations are not under the protection of the fifth amendment. Hale v. Henkel (U. S. Sup. Ct. March 12, 1906), 26 Sup. Ct. 370, 50 L. Ed. 652. But the result of such ruling has been to denude the case of sufficient positive evidence to sustain the verdict. It appears that over 1,000 copies of the picture were found in the possession of the tobacco company; that a design, the same as that of the copies, was submitted to one of the employés of the tobacco company by the lithographic company, and approved by him; that dealings between the two companies are frequent, and checks are signed almost daily by the tobacco company for the lithographic company; and that all kinds of printing and lithographic supplies were got from the one company by the other. But, although the very objections availed of are persuasive to the belief that the defendant made and sold all the copies which were found in the possession of the tobacco company, there is not in the record competent legal evidence to support such a finding.

The judgment is reversed.

PER CURIAM. This is a motion to amend a mandate which reversed a judgment of the Circuit Court by adding thereto a provision that a new trial be granted. Such an amendment is unnecessary. The action was one at law. The reversal did not finally dispose of the cause, but returned it to the Circuit Court with the issues undisposed of. It is entirely within the power of that court to set them for trial.

Motion denied.