### AMERICAN LITHOGRAPHIC CO. v. WERCKMEISTER.

(Circuit Court of Appeals, Second Circuit. November 16, 1908.)

#### No. 47.

COURTS (§ 349*)—FEDERAL COURTS—SUBPŒNA DUCES TECUM.

The power of a federal court to require the production of documentary evidence is not limited to an order made on motion, as provided by Rev. St. § 724 (U. S. Comp. St. 1901, p. 583); but it has inherent power, as well as express authority under section 716 (page 580), to issue a subpœna duces tecum and to enforce obedience thereto by proceedings for contempt.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 349.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon writ of error to review a judgment in favor of the defendant in error, who was plaintiff below, entered on the verdict of a jury for $10,000 in a qui tam action brought to recover the money penalties for violation of section 4965, Rev. St. U. S. (U. S. Comp. St. 1901, p. 3414), relating to copyrights.

William A. Jenner, for plaintiff in error.
Antonio Knauth, for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. This cause was here before on a writ of error to review a judgment in favor of plaintiff. After overruling the other exceptions then presented, we reversed and remanded the cause for a new trial on the ground that there was not in the record competent legal evidence to support the verdict; much of the testimony offered by plaintiff having been excluded by the trial court on the mistaken theory that it was privileged. 146 Fed. 377, 76 C. C. A. 649. Upon the second trial the excluded testimony was admitted.

Upon the present appeal we see no reason to modify in any way our former ruling that the various books and papers of the defendant corporation are not privileged, following the decision of the Supreme Court in Hale v. Henkel, 201 U. S. 43, 26 Sup. Ct. 370, 50 L. Ed. 652. The books and papers were produced in court by officers or employés of defendant who had them in custody, after the trial judge had notified them that, unless they obeyed the process of the court which called for such production, he would commit them for contempt. A perusal of the record satisfies us that nothing short of a threat of immediate commitment would have secured obedience to the process of the court. Defendant contends that such compulsory production was error, and his principal argument is directed to the construction of section 724, Rev. St. U. S. (U. S. Comp. St. 1901, p. 583). But it is not at all necessary to refer to that section. The plaintiff had duly served a subpœna duces tecum for their production. Defendant is wholly in error in assuming that section 724 is the only means provided for bringing a party's books and papers into court on the trial of an action at law. The inferior federal courts are expressly given power to issue all writs not specifically provided by statute which may be necessary for the exercise of their respective jurisdictions and agreeable to the usages and principles of law. Section 716 (page 580). Indeed, it would be immaterial if there were no such express provision. The power to issue a writ of subpœna to compel the production of written as well as oral testimony is essential to the very existence and constitution of a court of common law, which receives and acts upon both descriptions of evidence, and could not possibly proceed with due effect without them. Amey v. Long, 9 East, 473, per Ellenborough, L. C. J.

The power of courts to issue subpœnas duces tecum is so elementary that it will be sufficient to refer to an admirable discussion of the history and development of that power in Wigmore on Evidence, vol. 3, §§ 2190 to 2194. The Code of Civil Procedure has restricted the powers of the state court by requiring that a subpœna duces tecum must be served at least five days before the day when the witness is required to attend; but no such restriction has been imposed on the federal courts, although the trial judge would, of course, secure to the witness a reasonable time to comply with the requirements of the subpœna. Inasmuch as the witnesses in this case actually brought the documents into court before the taking of testimony was closed, there

is no force in the suggestion that they did not have a reasonable time to comply.

Defendant argues again the various propositions presented by him on his former appeal, viz., that the action is penal, that defendant was privileged, and that no offending sheets were "found in defendant's possession." These have already been decided adversely to his contention, and his reargument has not induced a reconsideration of our former opinion.

Exceptions were reserved to the admission of certain items of evidence, including the judgment roll and minutes of testimony in a replevin action against the American Tobacco Company. While these were not competent, being res inter alios acta, we are satisfied that the error was not harmful, since abundant proof of the "sale" of the necessary number of copies was made by the entries in defendant's own books.

Finally, it is suggested that there was no evidence that any of the alleged infringing sheets were made within two years of the date of the action. Section 4968 (page 3416). We do not think it necessary to discuss the evidence at length, but are convinced that there was quite sufficient to warrant the jury in concluding that defendant had offended against the terms of section 4965 within two years before the beginning of the action.

The judgment is affirmed.