In the Matter of the Application of HORTENSE DANAHER, Appellant, for a Peremptory Mandamus Order against OVERTON HARRIS, City Magistrate of the City of New York, Respondent.

First Department, October 28, 1932.

Leo Klauber, for the appellant.

Clinton DeWitt Van Siclen of counsel [Chadbourne, Hunt, Jaeckel & Brown, attorneys], for the respondent.

McAvoy, J.   On July 12, 1932, the petitioner was arrested at City Hall by Officer Stoffers, charged with the misdemeanor of disorderly conduct.

On arraignment in the Magistrates' Court, a short adjournment being granted to subpœna witnesses on her behalf, petitioner applied to the magistrate hearing the matter, the respondent herein, to issue three subpœnas for James J. Walker, Charles F. Kerrigan and Evelyn Wagner, three material witnesses for the defendant therein.   The respondent refused, giving two reasons: The first was that the three witnesses sought to be subpœnaed were too important, and the second was that the respondent had communicated with these three witnesses and they had denied knowledge of the circumstances concerning the petitioner's arrest.

We think that a peremptory order of mandamus ought to issue out of the Supreme Court to compel the performance of this ministerial duty or act on the part of the magistrate.

The right of defendant (in the Magistrates' Court) to subpœna witnesses in her behalf is a right which a court cannot refuse, although the summoning of the witnesses thereunder may seem unnecessary.

There is no provision in the Inferior Criminal Courts Act of the City of New York (Laws of 1910, chap. 659) as to the issuance of subpœnas, but section 31, subdivision 4, thereof reads as follows: " All sections of the Code of Criminal Procedure consistent with this act regulating and controlling the practice and procedure of the Court of General Sessions of the Peace in the City and County of New York shall apply, as far as may be, to the practice and procedure in the Court of Special Sessions, and shall regulate and control the practice and procedure of the said court, in so far as its jurisdiction and organization will permit."

It would seem that section 8, subdivision 3, of the Code of Criminal Procedure (as amd. by Laws of 1915, chap. 196) requiring

generally the summoning of witnesses in behalf of a defendant, and section 611 of the Code of Criminal Procedure must govern the practice of issuing subpœnas in the Magistrates' Court. Section 611 provides: " The clerk of the court at which an indictment is to be tried, must at all times, upon the application of the defendant, and without charge, issue as many blank subpœnas, under the seal of the court and subscribed by him as clerk, for witnesses within the State, as may be required by the defendant."

The " indictment " in the Court of General Sessions is the equivalent of the " complaint " in the Magistrates' Court. The magistrates perform the functions of the clerk in the issuance and signing of subpœnas. The duty of the magistrate with respect to this power of issuing subpœnas is purely ministerial and must be performed as set forth in section 611 of the Code of Criminal Procedure as far as the practice and jurisdiction of the Magistrates' Court permits.

The order should be reversed, with ten dollars costs and disbursements to the appellant, and the motion for a peremptory order of mandamus should be granted.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted.