In the Matter of the Application of DOMENICA TROMBETTA and Another, Petitioners, for a Peremptory Mandamus Order against GUY VAN AMRINGE, City Magistrate of City of New York, Respondent.

Supreme Court, New York County, May 27, 1935.

*James J. Lanzetta* and *Raymond M. Ariola* [*James J. Lanzetta* of counsel], for petitioners.

*John J. Bennett, Jr., Attorney-General,* and *Markewich & Null* [*Robert P. Beyer, Assistant Attorney-General, Samuel Null* and *Aaron Rebach* of counsel], for the respondent.

*Markewich & Null* [*Samuel Null* and *Aaron Rebach* of counsel], for the complainant Luigi Antonini.

COHN, J. The petitioners are charged with the crime of libel upon a complaint lodged against them in the First District Magistrate's Court of the city of New York, borough of Manhattan. They apply to this court for a peremptory order of mandamus directing the magistrate to issue to the complaining witness, one Luigi Antonini, a *subpœna duces tecum* calling for the production of certain books and records at the hearing. The magistrate has refused to issue the *subpœna duces tecum* upon the following grounds: *First,* that the attorneys for the petitioners have declined to specify dates, times and places with respect to which an examination of " voluminous books, papers and records of a trade organization " covering a period upwards of three years was required; *second,* that the purpose of the subpœna " was only to go on an undefined and unlimited fishing expedition;" and *third,* that an official grand jury investigation might be conducted where power of subpœna is unquestioned and where the defendant's rights could be amply protected.

The petitioners urge that the books, papers and records which they unsuccessfully sought to have subpœnaed were required at the hearing in the Magistrate's Court for the purpose of establishing as a complete defense to the libel the truth of the alleged libelous

charges, and to show that the matter complained of was published for good motives and for justifiable ends. (Penal Law, § 1342.) The crime of libel must be prosecuted by indictment and is triable by a jury. (State Const. art. 1, § 8; Code Crim. Proc. § 418.) The hearing before the magistrate was a preliminary examination to ascertain whether the defendants were to be held to answer the charge or whether they were to be discharged. (Code Crim. Proc. §§ 188–208.) It did not constitute a trial, for the magistrate did not have summary jurisdiction to hear and determine (*People ex rel. Cohen* v. *Collins*, 238 App. Div. 592, at p. 595, MARTIN, J.); it was merely a hearing upon a complaint made for the purpose of determining whether a crime had been committed and whether there was sufficient cause to believe the defendants, who are the petitioners here, guilty thereof. (Code Crim. Proc. § 208.) While at such an examination the magistrate under the law is constrained to " issue subpœnas for additional witnesses required by the prosecutor or defendant " (Code Crim. Proc. § 194), the sections of the Code of Criminal Procedure regulating a hearing before a magistrate (Code Crim. Proc. §§ 188–221-b) contain no provision which compels the magistrate or the clerk of the court to issue a *subpœna duces tecum* at such a proceeding.

The rule appears to be otherwise in the case of a trial. The statute expressly provides that in any case " at which an indictment is to be tried " the clerk of the court must at all times upon the application of the defendant not only issue blank subpœnas for witnesses within the State (Code Crim. Proc. § 611), but, if books, papers and documents are to be required, a direction to that effect must be contained in the subpœna. (Code Crim. Proc. § 613.) Parenthetically, it is to be noted that in the Magistrate's Court the magistrate performs the functions of a clerk in the issuance and signing of subpœnas. (*Matter of Danaher* v. *Harris*, 236 App. Div. 481, at p. 483.) Thus, where an indictment is to be tried, that is, where there is a trial upon a complaint in the Magistrate's Court (the complaint taking the place of the indictment in that court), or upon an information in the Court of Special Sessions, or upon an indictment in the Court of General Sessions, the County Court, or the Supreme Court, the clerk of the court where the indictment is tried is required by statutory mandate, upon application of the defendant, to issue *subpœnas duces tecum* as well as subpœnas for the appearance of witnesses. Hence, if the present motion involved merely the issuance of a subpœna for the production of witnesses at a hearing or a trial, or for the production of witnesses with books and records at a trial, this court would be bound to grant a mandamus order compelling their issuance, for in such instances the duty

commanded by statute would be a purely ministerial one. (*Danaher* v. *Harris, supra.*)

Where the statute does not specifically grant power to compel the attendance of witnesses or to require the production of books and papers to establish adequate proofs of the facts in controversy, the court, nevertheless, has this inherent power. It has been repeatedly so held. (1 Greenleaf Ev. [16th ed.] § 309; 3 Blackstone Comm. [1825 ed.] 382; 4 Wigm. Ev. [2d ed.] §§ 2190–2194; *American Lithographic Co.* v. *Werckmeister*, 221 U. S. 603, 609; 31 S. Ct. 676; 55 L. Ed. 873; Id. [C. C. A.] 165 Fed. 426; *Matter of Storror*, [D. C.] 63 id. 564, at pp. 565, 566; *United States* v. *Terminal Railroad Assn. of St. Louis*, [C. C.] 148 id. 486, 488.) A magistrate may therefore, under his inherent powers, issue a *subpœna duces tecum* at a preliminary hearing, although the statute does not specifically so provide. Such power, in the absence of statutory mandate, is purely discretionary and not obligatory.

This view is somewhat fortified by the practice in civil cases. Under the Civil Practice Act the power to issue a subpœna requiring a person to attend as a witness is absolute. (Civ. Prac. Act, § 406.) However, the power to compel the production of books and records by a witness is limited to a proper case. (Civ. Prac. Act, § 411; cf. *Matter of Hirshfield* v. *Craig*, 239 N. Y. 98, 117, 118, opinion by LEHMAN, J.) Under the common law generally the *subpœna ad testificandum* is regarded as a matter of right, whereas the *subpœna duces tecum* is not a process of right, but is permitted only in the discretion of the court where the books, records and documents to be produced are relevant and material to the issue, and where they have been described with reasonable precision. (*Hale* v. *Henkel*, 201 U. S. 43, at p. 77; 26 S. Ct. 370; 50 L. Ed. 652; *United States* v. *Terminal Railroad Assn.*, [C. C.] 154 Fed. 268; *Dancel* v. *Goodyear Shoe Machinery Co.*, [C. C.] 128 id. 753, 760, 761; *Carson* v. *Hawley*, 82 Minn. 204; 84 N. W. 746; *Ex parte Brown*, 72 Mo. 83, 93; 37 Am. Rep. 426; *American Car & Foundry Co.* v. *Alexandria Water Co.*, 221 Penn. St. 529; 70 A. 867; 128 Am. St. Rep. 749; 15 Ann. Cas. 641; *Carlisle* v. *Bennett*, 243 App. Div. 186.)

At a hearing such as the one before the magistrate in this instance, therefore, where the latter does not have summary jurisdiction to hear and determine, but merely conducts an examination and not a trial, the right to the issuance of a *subpœna duces tecum* is discretionary with the court and not mandatory. Failure on the part of the magistrate, upon request of the defendants, to issue the *subpœna duces tecum* in this case, in the light of the record disclosed by the moving papers, could scarcely be termed an abuse of discretion. The denial of the application by the magistrate was

reasonable and well considered. In any event, as the issuance of the *subpœna duces tecum* was a purely discretionary act and not a mandatory one, an order of peremptory mandamus may not now issue. (*People ex rel. Harris* v. *Commissioners of the Land Office,* 149 N. Y. 26; *Matter of Eiss* v. *Summers,* 205 App. Div. 691.)

The motion for an order of peremptory mandamus is accordingly denied.