In the Matter of the Application of CHARLES DOYLE and Others, Petitioners, for an Order against the POLICE COURT OF THE CITY OF NIAGARA FALLS, NEW YORK, and Others, Respondents.

Supreme Court, Erie County, October 16, 1941.

*Raichle & Tucker*, for the petitioners.

*George E. Carrie*, for the respondents.

SWIFT, J. Section 8 of article I of the State Constitution provides that " In all criminal prosecutions or indictments for libels, the truth may be given in evidence to the jury; and if it shall appear to the jury that the matter charged as libelous is true, and was published with good motives and for justifiable ends, the party shall be acquitted; and the jury shall have the right to determine the law and the fact." It cannot be doubted that this provision gives to one to be tried on a charge of libel an absolute right to a jury trial.

A right to a jury trial when given by the Constitution means a trial by a jury of twelve. (*Cancemi* v. *People*, 18 N. Y. 128.) Where the right to a jury trial is not given by the Constitution the Legislature may fix the number of jurors at less than twelve. Prior to the adoption of the Constitution of 1821, the trial by jury was used in prosecutions for libel, but in the case at bar it is not necessary to decide whether the Legislature by declaring libel to be a misdemeanor could deprive petitioners of their right of trial by a jury of twelve under section 2 of article I of the State Constitution (see *People ex rel. Cosgriff* v. *Craig*, 195 N. Y. 190), because section 8 of that article gives them the absolute right to trial by a common-law jury.

Section 265 of the Charter of the city of Niagara Falls provides: "The Police Court shall * * * have the power and jurisdiction now or hereafter conferred upon Courts of Special Sessions by section fifty-six of the Code of Criminal Procedure, and shall also have exclusive jurisdiction, in the first instance, to try, for *any other* misdemeanor committed in the city, any person who is first brought before said court * * *." (Italics supplied.) (Laws of 1931, chap. 513, § 2.)

Courts of Special Sessions have no jurisdiction to try libel cases, and a provision in the Charter that such cases should be tried before a court with a jury of six contravenes the Constitution.

As a jury of twelve persons must determine the law and the fact in a prosecution for libel, it follows that that prosecution should be instituted by indictment. (*Matter of Trombetta* v. *Van Amringe*, 156 Misc. 307.)

The petitioners are entitled to the relief demanded.