Bernard Tomson, J.
On this motion the defendant contends that although section 2001 of the Uniform District Court Act gives this court original jurisdiction of all misdemeanors committed within the county, the crime of libel, even as a misdemeanor, must be prosecuted by indictment. In urging that the District Court has no jurisdiction, the defendant relies on Matter of Trombetta v. Van Amringe (156 Misc. 307 [Sup. Ct., N. Y. County]); People v. Allen (173 N. Y. S. 2d 979 [Sup. Ct., Westchester County]); Matter of Doyle v. Police Court of City of Niagara Falls (177 Misc. 359 [Sup. Ct., Erie County]); People v. Dobosen (33 N. Y. S. 2d 318 [Erie County Ct.]); Matter of Knight (178 Misc. 972 [Sup. Ct. N. Y. County]).
The rationale of the authorities cited is that section 8 of article I of the Constitution gives the defendant charged with criminal libel an absolute right to trial by a common-law jury, and a right to a jury trial provided by the Constitution means a trial by a jury of 12. (See Cancemi v. People, 18 N. Y. 128; 50 C. J. S., Juries, § 123.)
The cases relied on by the defendant were all decided prior to 1962. On that date section 18 (subd. [a]) of article "VT of the Constitution became effective, which provided: “that in any court of original jurisdiction a jury shall be composed of six or of twelve persons ” if so provided by the Legislature.
The provision for a trial by a jury of 6, therefore, as of 1962 acquired constitutional authority. Section 2011 of the Uni *398 form District Court Act provides for a jury of 6 persons in a criminal trial in this court. The rationale of the earlier cases is not applicable to misdemeanor proceedings instituted after that date where the defendant is charged with criminal libel.
In the absence of binding authority by an appellate court, it would here appear appropriate to deny the motion.