Bernard S. Meyer, J.
Contending that he is entitled to trial by a jury of 12 under section 208 of the Mental Hygiene Law on the question whether he is a narcotic addict, petitioner, who stands convicted of the crime of possession of a hypodermic instrument, seeks in this article 78 proceeding an order directing the District Court to transfer the matter to the County or the Supreme Court for trial. Respondent is the District Court Judge before whom petitioner was convicted and who has ordered the narcotic addiction question tried in the District Court before a jury of 6. Respondent has made no answer or return, but an Assistant District Attorney appeared and argued the matter on his behalf. The problem is one of law, however, and in view of that and the fact that the District Court hearing is scheduled for tomorrow May 6, 1969, the court will deem the allegations of fact in the petition admitted.
If trial by a jury of 12 is required, the District Court is without jurisdiction, for section 18 of article VI of the New York Constitution authorizes the Legislature to “ provide that in any court of original jurisdiction a jury shall be composed of *767 six or twelve persons ”, and the Legislature has directed in sections 1305 and 2011 of the Uniform District Court Act that jury trials in both civil and criminal cases in the District Court be before a jury of 6, except in certain civil cases specified in subdivision (b) of section 1305 in which either party may demand trial by a jury of 12. Since trials under section 208 of the Mental Hygiene Law are not included in the subdivision (b) of section 1305 of UDCA enumeration, the District Court has not been empowered to empanel a jury of 12 for such a hearing. Since trial by a jury of 12 is beyond the jurisdiction granted the District Court, CPLR 325 (subd. [b]) would authorize transfer to this court which does have jurisdiction, if trial by a 12-man jury is required.
Petitioner points out that the Court of Appeals in People v. Fuller (24 N Y 2d 292, 309) not only held that equal protection invalidated the provision of subdivision 2 of section 208 for hearing11 by the court without a jury ’ ’, but also directed that “ since such jury trials are not available in New York City Criminal Court, the proceedings should be remitted to that court with directions that the hearings be transferred to the Supreme Court for trials before juries there to be selected.” He argues that had a jury of 6 been considered sufficient, the Court of Appeals could have directed trial in the New York City Civil Court. The court gave no reason for its direction of transfer to the Supreme Court rather than the Civil Court. It could well be, however, that its reason was not that equal protection required trial by a jury of 12 but that the Civil Court lacked statutory authority to act in view of the direction of subdivision 3 of section 208 that the hearing court shall certify or sentence, and of subdivision 5 of section 208 that “ Certification to the care and custody of the commission pursuant to subdivision four of this section [after a finding of addiction] shall be deemed a judgment of conviction.” The Fuller decision does not foreclose consideration by this court of the equal protection question. Since petitioner’s papers present no constitutional issue except equal protection, none other is considered.
The Fuller decision, on the authority of Baxstrom v. Herold (383 U. S. 107), held that in terms of whether an individual is a narcotics addict at all, the distinction between a civil commitment and a commitment after criminal conviction is irrelevant. Since the statute provides for jury trials in civil commitments (§ 206, subd. 4, par. c), a jury trial must also be provided for commitments after a criminal conviction under section 208. But in so doing, the court quoted from the Baxstrom *768 decision (p. Ill) the statement that “ Classification of mentally ill persons as either insane or dangerously insane of course may be a reasonable distinction for purposes of determining the type of custodial or medical care to be given Subdivision 4 of section 208 recognizes a distinction in custodial care for it directs that the maximum custodial period for a person certified after conviction of a misdemeanor is 36 months whereas the maximum period for a person certified after a felony conviction may be 60 months. In essence petitioner’s argument reduces itself to an attack upon the classification of criminal trials into misdemeanors based on information which are tried before a jury of 6 in the District Court and felonies or misdemeanors based upon indictment which are tried before a jury of 12 in the County Court or Supreme Court. That division is not a violation of either section 8 of article I of the New York Constitution, (People v. Roven, 56 Misc 2d 397) or of its equal protection clause, section 11 of article I (see Matter of Hogan v. Rosenberg, 24 N Y 2d 207). Petitioner points to no equal protection case arising under the Federal Constitution which invalidates use of a 6-man jury in District Court criminal trials, presumably because differences in the nature of the offense and the punishment that may be imposed make the division between 6- and 12-man juries a reasonable one. Clearly, if the classification is reasonable for criminal trials generally, it is also reasonable for the related narcotics hearing, especially since the Mental Hygiene Law authorizes differing custodial terms.
Accordingly, the application is denied and the petition dismissed. Since petitioner’s attorney has indicated his intention to appeal this decision if adverse, the court will, in order to allow him time to file a notice of appeal and apply to the Appellate Division for a further stay, stay the hearing now scheduled for May 6,1969 until May 16, 1969.