Theodore Dachenhausen, Jr., J.
A City of New Rochelle police officer filed a petition charging respondent with being a juvenile delinquent by committing certain acts, which “ if done by an adult, would constitute the crime or crimes of Assault 3rd Degree violation Section 120.00 of Penal Law Class A Misdemeanor, Harassment violation Section 240.25 of Penal Law and Disorderly Conduct, violation Section 240.20 of Penal Law.” A denial was entered upon arraignment following which respondent’s attorney obtained two judicial subpoenas duces tecum, one directed to the City Manager of New Rochelle seeking the production of ‘ ‘ all records of investigation made of incident on October 10, 1971 in connection with some disturbance on Mayflower Avenue, New Rochelle, New York, involving Wilbur P. including statements, affidavits, tape recordings and any and all other existing records.” The other subpoena was directed to the City of New Rochelle Police Chief seeking the production of ‘ ‘ all records of the following:
“ 1. The records of the dispatching officer on duty at 9:15 p.m. on October 10, 1971, relating to the dispatching of police to the area of Mayflower Avenue, in connection with some disturbance on Mayflower Avenue at that time.
“2. Names and times of all police officers dispatched to the scene by the dispatching clerk.
“ 3. The names and reports of all officers who actually responded to the dispatch and any reports on record with the Police Department as to the incident that occurred between Patrolman Rossi and one Wilbur P. on that date at that time.” The Corporation Counsel of the City of New Rochelle, by motion brought on by order to show cause, now seeks to quash both subpoenas upon several grounds, the first being that they were obtained without giving the one day’s notice required by CPLR 2307 (subd. [a]). Thomas A. Cannon, Esq., in McKinney’s (Cons. Laws of N. Y., Book 7B, CPLR, p. 91) Practice Commentary, expresses views on this section which coincide with those of the court. In part, he states: “The requirement that notice be given to the adverse party performs no useful function, and in practice, is frequently ignored.”
The second and more substantial ground advanced by the Corporation Counsel is to the effect that the records sought to be subpoenaed are not material and relevant to the issues being litigated. Carmody-Wait 2d (vol. 7, § 54:21, p. 740 et seq.) states: ‘ ‘ the subpoena duces tecum is not a process of right, but is permitted only in the discretion of the court where the books, papers and other things to be produced are relevant *676 and material to the issue, and where they have been described with reasonable precision. [Citing Matter of Sun-Ray Cloak Co., 256 App. Div. 620; Matter of Trombetta v. Van Amringe, 156 Misc. 307] # * The power to require a witness to produce books and papers is limited to a ‘ proper case ’ even though such words are not expressly used in the governing statute. A proper case is ordinarily one where the books and papers called for have some relevancy and materiality to the matter under investigation. [Footnote: * * * The power of subpoena is limited to the production of books and papers pertinent to the investigation being conducted. Be Brooklyn Audit Co., 250 AD 854, 294 NTS 762], Accordingly, the production of books and papers will not be required where it appears that they are not pertinent and material to the issues involved. [Footnote: * * * A witness will not be required to produce documents disclosing matters beyond the scope of the investigation if it appears that the documents have no relevance to the inquiry. Averell v. Barber (Sup) 14 N. Y. S. 80] ”.
The memorandum submitted by respondent’s counsel indicates that his 14-year-old client claims to have been with a group of black youths when he was assaulted by police when taken into custody at the time of the event in question, and received injuries requiring his hospitalization. Charges of police brutality were leveled and the case received front page publicity in the local newspaper, which reported that the incident grew out of a fight which occurred between black and white youths. Respondent maintains that the assault was perpetrated by the policeman and not the other way around. Respondent’s counsel contends that his client’s constitutional rights have been violated as a result and in his moving papers states, in part: “ Under these circumstances, and in light of the fact that recent studies by eminent sociologists and anthropologists (among them Dr. Pinkney, of Hunter College, author of the American Way of Violence, published by Random House) supports the proposition that police officers are the real fomenters and perpetrators of violence in this country.” According to the newspaper account a police investigation was then conducted in an attempt to fix responsibility for the injury sustained by the respondent. Apparently it is this investigation which respondent now seeks to subpoena in this proceeding.
Assuming, arguendo, that unreasonable police force was used upon respondent, as claimed, it cannot be raised as a defense in this case in view of the provisions of section 35.27 of the Penal Law, which forbids the use of physical force by the arrestee against an arresting peace officer, whether the arrest *677 be authorized or unauthorized. The constitutionality of this section has been upheld (People v. Lattanzio, 35 A D 2d 313).
The sole question to be litigated before this court is whether respondent committed an assault upon petitioner police officer. All other issues, important though they may be, including whether the officer used unreasonable force, cannot be tried in this forum.
The court views this maneuver by respondent’s counsel as nothing more than an attempt to confuse the over-all picture and divert the court’s attention away from the principal issues to be litigated by seeking to introduce irrelevant and immaterial matter with strong emotional overtones obviously intended as a play on the court’s sympathy. Accordingly, the motion is granted.
It is noted that in addition to allegations concerning the commission of acts which if done by an adult would constitute assault in the third degree (Penal Law, § 120.00), a class A misdemeanor, respondent is also alleged to have committed other acts which, if done by an adult would constitute harassment (Penal Law, § 240.25) and disorderly conduct (Penal Law, § 240.20), each of which is a violation.
Subdivision (a) of section 712 of the Family Court Act states that, by definition, a “ ‘ juvenile delinquent ’ means a person over seven and less than sixteen years of age who does any act which, if done by an adult, would constitute a crime.” (Emphasis added.) Accordingly, the court, on its own motion, orders stricken from the petition all allegations except those relating to the acts which if done by an adult would constitute the crime of assault in the third degree.