CONVERGENCE CORPORATION, a California corporation, Plaintiff-Appellant,

v.

SONY CORPORATION OF AMERICA, a Delaware corporation, Defendant-Appellee.

No. 81–5040.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 1982.

Decided July 14, 1982.

Keith D. Beecher, Jessup & Beecher, Los Angeles, Cal., for plaintiff-appellant.

Lewis H. Eslinger, Curtis, Morris & Safford, New York City, for defendant-appellee.

Before CHAMBERS, WALLACE, and NORRIS, Circuit Judges.

PER CURIAM:

Convergence Corporation (Convergence) appeals from the district court's judgment holding Convergence's patent for a variable-speed videotape editor invalid on several independently sufficient grounds, one of which was anticipation. The district court found that a videotape editor designed by Robert Breed contained each and every element of Claim 1 of the patent combined in exactly the same manner; functioned in exactly the same manner;

and produced exactly the same result. Further, the court found that the Breed editor was reduced to practice before conception of the Convergence patent claim, and that the editor was neither abandoned, suppressed, nor concealed. These findings are not clearly erroneous. We therefore affirm the district court's conclusion that the patent was invalid under 35 U.S.C. § 102(g).

■ Sony has requested an award of double costs on this appeal. This court may award double costs when it determines that an appeal is frivolous. Fed.R.App.P. 38. "An appeal is considered frivolous in this circuit when the result is obvious, or the appellant's arguments of error are wholly without merit." *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981) (citations omitted).

The district court made very thorough factual findings. Unless left with a "firm conviction that a mistake has been committed," *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948), we accord deference to the district court's findings. In 17 of its 23 assignments of error, Convergence meritlessly challenged factual findings of the court below. *See United States v. Santa Fe Engineers, Inc.*, 567 F.2d 860, 861 (9th Cir. 1978). Convergence did not present any worthy arguments as to why the district court's factual determinations were clearly erroneous. Its contentions were nothing more than meritless quibbles with the findings. Also, in most of its contentions, Convergence confused, intentionally or unintentionally, the distinction between a potentiometer and its manual control.

■ Convergence had no serious possibility of obtaining relief on appeal. The district court concluded that the patent was invalid under seven separate legal grounds, any one of which would have been independently sufficient, and that in any case Sony did not infringe the patent. To succeed on appeal, Convergence had to overcome the heavy burden of proving that the district court erred on *all* grounds by demonstrating that the factual findings on the issues of anticipation, obviousness and non-infringement were clearly erroneous under Fed.R.Civ.P. 52(a). Since Convergence never mounted a meritorious attack on the district court's findings, its case could hardly show that all, if any, of the district court's conclusions were erroneous.

In sum, Convergence's contentions are meritless and the result on appeal was obvious; hence, the appeal is frivolous. Convergence should have appraised and considered the prospects of winning on appeal before appealing. "Counsel must realize that the decision to appeal should be a considered one, taking into account what the district judge has said, not a knee-jerk reaction to every unfavorable ruling." *Simon & Flynn, Inc. v. Time Inc.*, 513 F.2d 832, 835 (2d Cir. 1975). We award Sony double costs for this appeal.

AFFIRMED.