FILED

MAY 07 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   CC-12-1412-TaPaKi |
| RONALD ALVIN NEFF, | Bk. No.   SV 11-22424-VK |
| Debtor. | Adv. No.  SV 12-01101-VK |
| MICHAEL D. KWASIGROCH; LAW OFFICES OF MICHAEL D. KWASIGROCH, | |
| Appellants, | |
| v. | **MEMORANDUM**[*] |
| DOUGLAS J. DENOCE, | |
| Appellee. | |

Argued and Submitted on March 22, 2013
at Pasadena, California

Filed:  May 7, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

The Honorable Victoria S. Kaufman, Bankruptcy Judge, Presiding

———————————————

Appearances:    Michael D. Kwasigroch of the Law Offices of
                Michael D. Kwasigroch on behalf of the Appellants
                and Patrick Laird Swanstrom of the Law Offices of
                Patrick Laird Swanstrom on behalf of the Appellee.

———————————————

Before:  TAYLOR, PAPPAS, and KIRSCHER, Bankruptcy Judges.

_____

   [*]  This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8013-1.

## INTRODUCTION

Appellants-Defendants Michael D. Kwasigroch and the Law Offices of Michael D. Kwasigroch (jointly, "Kwasigroch") removed a state court civil action to the bankruptcy court. Appellee-Plaintiff Douglas DeNoce ("DeNoce") sought remand and recovery of costs and expenses under 28 U.S.C. § 1447(c) ("§ 1447(c)"). The bankruptcy court granted DeNoce's motion and awarded him $3,015.62 in costs and expenses. Kwasigroch appeals only from the order awarding costs and expenses. We AFFIRM.

During the appeal, DeNoce separately moved for sanctions against Kwasigroch. We GRANT in part DeNoce's sanctions motion.

Also during the appeal, Kwasigroch moved to supplement the record on appeal. We DENY this request.

## FACTS

DeNoce and Kwasigroch have a long acrimonious history that began when Kwasigroch represented a party in unrelated litigation against DeNoce. It continued as Kwasigroch represented debtor Ronald Neff ("Debtor") as a defendant in a state court dental malpractice action and other litigation initiated by DeNoce and in three bankruptcy cases and six adversary proceedings where DeNoce was a creditor or adverse party. The present appeal arises in the most recent adversary proceeding and in Debtor's third bankruptcy case. It involves claims DeNoce now asserts against Kwasigroch personally.

Debtor was a licensed dentist,[2] and DeNoce was one of his patients. At some time prior to the bankruptcies, Debtor injured

---

[2] Apparently, the Dental Board of California revoked Debtor's dental license in January 2010.

2

DeNoce during dental surgery. DeNoce then filed two actions against Debtor in state court, the first for dental malpractice.[3] As this litigation continued, Debtor initiated a series of bankruptcy cases. The bankruptcy court dismissed the first case, a chapter 13 case, when Debtor failed to appear at his § 341(a) meeting of creditors.

The Debtor promptly filed a second chapter 13 case, and Kwasigroch, on behalf of Debtor, removed DeNoce's state court actions to the bankruptcy court. DeNoce immediately sought remand. The bankruptcy court remanded the dental malpractice action.

Concurrently, DeNoce moved to dismiss Debtor's second bankruptcy case as a bad faith filing and requested a 180-day bar against a subsequent filing. DeNoce also commenced an adversary proceeding against Debtor and Kwasigroch (the "2010 Adversary Proceeding"). The 2010 Adversary Proceeding asserted claims under bankruptcy and state law. At some point thereafter, the bankruptcy court instructed or suggested that DeNoce dismiss Kwasigroch as a named defendant to the 2010 Adversary Proceeding, and DeNoce did so. Kwasigroch, however, continued as Debtor's counsel and moved to dismiss the 2010 Adversary Proceeding.

This motion to dismiss came before the bankruptcy court on June 22, 2011. Kwasigroch represented Debtor at the hearing. The bankruptcy court indicated its intent to dismiss DeNoce's bankruptcy-based claims with leave to amend and to dismiss his

---

[3] The second action involved claims based on, among other things, alleged fraudulent transfers. Its disposition is not relevant to the disputes here.

state law causes of action with prejudice.  In doing so, the bankruptcy court expressly stated to the parties:

> [T]his is the way we're going to do it.  This Court is abstaining from any state law causes of action.  If you have a state law cause of action, this Court is abstaining.  Focus -- so if it's not based on a Bankruptcy Code provision, don't include it in your complaint, because this Court's abstaining.

Hr'g Tr. (June 22, 2011) at 37:23-25; 38:1-3.

In reiterating that the bankruptcy court was not the proper forum for state law causes of action, it further stated:

> The problem is when somebody who is not a bankruptcy lawyer . . . and doesn't understand what the Bankruptcy Code means, now wants to act as though we weren't in a bankruptcy case and wants to assert state law fraud causes of action in a complaint filed in a bankruptcy case, it just -- it just isn't -- it's just not right.

Id. at 45:1-2; 4-8.

DeNoce asserted his belief that state law causes of action were acceptable based on the pendency of Debtor's adversary proceeding seeking recovery against insurance companies based on state law claims.  In response, the bankruptcy court stated: "if it had come to this judge, this Court might have abstained from those too if they were filed here."[4]  Id. at 49:2-4.

DeNoce thereafter complied with the clear directives from the bankruptcy court; he filed an amended adversary complaint that solely alleged causes of action arising under the bankruptcy code.  Debtor, still represented by Kwasigroch, filed his Answer to the amended complaint and included a counterclaim against DeNoce and cross-claims against Roe defendants based on state law

---

[4]  Another bankruptcy judge initially heard matters in the second bankruptcy case and related adversary proceedings.

4

causes of action. DeNoce moved to dismiss. The bankruptcy court set the dismissal motion for hearing and required the parties to brief the impact of <u>Stern v. Marshall</u>, 131 S.Ct. 2594 (2011), on the bankruptcy court's authority in relation to Debtor's state law causes of action.

Meanwhile, DeNoce actively participated in Debtor's second bankruptcy case; he filed objections to Debtor's proposed chapter 13 plan, Debtor's claimed exemptions, and various proposed settlements between Debtor and other creditors. Approximately 14 months after DeNoce initially moved to dismiss, the bankruptcy court entered an order dismissing Debtor's second bankruptcy case. The order contained a 180-day bar against filing under chapters 11 or 13, but did not bar filing under chapter 7. The order further provided that all pending adversary proceedings were dismissed, including the 2010 Adversary Proceeding. Thus, the bankruptcy court dismissed the 2010 Adversary Proceeding before the parties filed briefs regarding <u>Stern</u>.

Before the order dismissing the second bankruptcy case was entered, Debtor, still represented by Kwasigroch, filed a third bankruptcy case under chapter 7. DeNoce again commenced adversary proceedings against Debtor, one alleging the nondischargeability of his claims and the other seeking a denial of Debtor's discharge. Pursuant to the bankruptcy court's instructions, DeNoce pursued his state law causes of action outside of the bankruptcy court. He commenced an action in state court ("Torts Action") and solely named Kwasigroch as the defendant. DeNoce asserted nine causes of actions against

Kwasigroch: (1) defamation; (2) invasion of privacy; (3) false light; (4) malicious prosecution; (5) abuse of process; (6) fraud and deceit; (7) intentional and negligent interference with prospective business/economic advantage; (8) intentional/reckless infliction of emotional distress; and (9) preliminary and permanent injunction.

Kwasigroch, notwithstanding the bankruptcy court's clear instruction and his knowledge of the potential impact of the Stern decision, immediately removed the Torts Action to the bankruptcy court and promptly moved to dismiss the removed case.[5] In response, DeNoce moved for remand of the Torts Action or, in the alternative, for the bankruptcy court's abstention. He also moved for costs and expenses incurred as a result of the removal pursuant to § 1447(c).

The bankruptcy court heard DeNoce's remand motion on May 16, 2012. After argument, it ordered remand and an award of costs and expenses to DeNoce under § 1447(c). Prior to establishing the amount of the award, it required evidence from DeNoce as to the amount of his costs and expenses and provided Kwasigroch with an opportunity to respond. The bankruptcy court later entered

---

[5] Kwasigroch also filed a third-party cross-complaint against Debtor for indemnity and declaratory relief. In addition, Kwasigroch moved to consolidate the removed action with DeNoce's adversary proceedings in Debtor's third bankruptcy case; to intervene on Debtor's behalf; and for compulsory joinder of Debtor. He then re-filed his motion for compulsory joinder to remove the request for consolidation. On the eve of the remand hearing, Kwasigroch and Debtor filed a third-party cross-complaint against Debtor's bankruptcy estate for indemnity, contribution, and declaratory relief.

the order remanding the Torts Action.[6]

The bankruptcy court heard the § 1447(c)recovery request on July 11, 2012. Prior to the hearing, DeNoce filed a declaration with exhibits and Kwasigroch filed an opposition and evidentiary objections to DeNoce's declaration and exhibits. On July 31, 2012, the bankruptcy court entered a memorandum opinion and order ("Award Order") awarding DeNoce $915.62 in costs and $2,100 in fees, for a total award of $3,015.62. In its order, the bankruptcy court also overruled Kwasigroch's evidentiary objections as lacking merit.

Kwasigroch timely filed his appeal from the Award Order.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court err in awarding costs and expenses under § 1447(c)?

**STANDARD OF REVIEW**

We review the bankruptcy court's legal conclusions de novo, and its findings of fact for clear error. Allen v. US Bank, N.A. (In re Allen), 472 B.R. 559, 564 (9th Cir. BAP 2012). We review an award of costs and expenses for abuse of discretion. Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065

---

[6] The remand order vacated the scheduled hearings on Kwasigroch's motion to dismiss the removed action and his motions to intervene and join. While it is not entirely clear, it appears that, following remand, the bankruptcy court did not rule on Kwasigroch's cross-claims.

7

(9th Cir. 2008).

An abuse of discretion evaluation involves a two-prong test; first, we determine de novo whether the bankruptcy court identified the correct legal rule for application. See United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). If not, then the bankruptcy court necessarily abused its discretion. See id. at 1262. Otherwise, we next review whether the bankruptcy court's application of the correct legal rule was clearly erroneous; we will affirm unless its findings were illogical, implausible, or without support in the record. See id.

**DISCUSSION**

**A. An Award of Costs and Expenses Under § 1447(c) is Available in a Bankruptcy Case.**

Kwasigroch contends that the bankruptcy court erred as a matter of law by awarding costs and expenses under § 1447(c) and relies on Billington v. Winograde (In re Hotel Mt. Lassen, Inc.), 207 B.R. 935, 938 (Bankr. E.D. Cal. 1997) to support his position. We disagree. It is well settled that § 1447(c) applies to bankruptcy removals and remands. Miller v. Cardinale (In re Deville), 280 B.R. 483, 494 (9th Cir. BAP 2002) (citation omitted), aff'd on other grounds, 361 F.3d 539 (9th Cir. 2004). Contrary to Kwasigroch's assertion, 28 U.S.C. § 1452 is not the exclusive source of relief for a remand in a bankruptcy case. Id. In re Hotel Mt. Lassen does not compel a different result and, in fact, supports the same result. See 207 B.R. at 942-43 (bankruptcy court remanded five civil actions removed under 28 U.S.C. § 1452 back to state court pursuant to § 1447(c)). Thus,

8

we reject the argument that the bankruptcy court could not award fees and costs under § 1447(c).

**B.   The Bankruptcy Court Did Not Abuse Its Discretion in Awarding Costs and Expenses Under § 1447(c).**

In relevant part, § 1447(c) provides that an order remanding a case to state court may include an award for costs and expenses incurred (including attorney's fees) that resulted from the removal.  Under § 1447(c), whether the removal was "improper" or "defective" is neither dispositive nor the proper inquiry. Gardner v. UICI, 508 F.3d 559, 562 (9th Cir. 2007).  Instead, the proper inquiry turns on the reasonableness of the removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Absent unusual circumstances, the court may award costs and expenses under § 1447(c) only if the removing party lacks an objectively reasonable basis for seeking removal.  Id. Conversely, if the removing party has an objectively reasonable basis for removal, costs and expenses should be denied.  Id.

Here, the bankruptcy court determined that Kwasigroch could not have reasonably believed that the bankruptcy court had jurisdiction over the Torts Action.  The bankruptcy court further determined that, even if it had jurisdiction, Kwasigroch could not have reasonably believed that it would exercise jurisdiction based on the bankruptcy court's prior statements to the parties. This included not just the bankruptcy court's clear statements at the hearing dismissing the 2010 Adversary Proceeding, but also the requirement that Kwasigroch brief the impact of Stern on state law-based counter- and cross-claims.

In so holding, the bankruptcy court recognized that its

9

decision turned on the reasonableness of Kwasigroch's removal. This encapsulates the proper standard for awarding costs and expenses pursuant to § 1447(c): whether Kwasigroch had an objectively reasonable basis for removing the Torts Action. Although the bankruptcy court stated that its determination was based an improper removal, on this record, it is a distinction without a difference. The record clearly supports that it assessed the reasonableness of Kwasigroch's removal in the context of awarding the costs and expenses. Thus, the bankruptcy court applied the correct legal rule.

The bankruptcy court then made several findings in rendering its decision to award costs and expenses. First, it found that DeNoce complied with its prior instructions with respect to state law causes of action; DeNoce filed an amended adversary complaint in the 2010 Adversary Proceeding based solely on bankruptcy law claims. DeNoce thereafter separately pursued his state law claims in state court and through the Torts Action. It then found that Kwasigroch, in the teeth of its prior instruction and direction, removed the Torts Action, and did so despite the fact that Debtor was not a named defendant in the action and despite the fact that it solely consisted of state law causes of action. In doing so, the bankruptcy court determined that Kwasigroch's removal typified the:

> [L]atest step in what has become a pattern of delaying the resolution of matters properly initiated in state court and attempting to litigate before [the bankruptcy court] state law claims that, as the [bankruptcy court] has reiterated, belong in state court.

Award Order at 11.

The bankruptcy court determined that its prior statements as

10

to state law causes of action were clear: it would not hear any causes of action solely predicated on state law. We agree and note that its requirement of briefing on issues arising under Stern underscored the bankruptcy court's instruction. It is not significant that the bankruptcy court made these statements in a prior adversary proceeding.

At oral argument, Kwasigroch pointed out that he was no longer a party to the 2010 Adversary Proceeding at the pertinent hearing and argued that, consequently, the bankruptcy court's directives did not apply to him. While it is true that Kwasigroch was no longer a party, he represented Debtor in the 2010 Adversary Proceeding and actively participated at the June 2011 hearing. Kwasigroch's contention is disingenuous. We reject it. The issue here is not whether Kwasigroch violated a court order; it is whether, given the bankruptcy court's unambiguous directive, a litigant in Kwasigroch's position could have reasonably believed that the bankruptcy court would preside over the Tort Action after removal.

The bankruptcy court also supported its cost and expenses award with a determination that it lacked jurisdiction over the Torts Action. Kwasigroch emphatically contends that the bankruptcy court possessed "related to" jurisdiction based on indemnity provisions in retention agreements executed by Debtor. He asserts that the indemnity provision requires Debtor to indemnify Kwasigroch for any liabilities incurred as a result of representing Debtor. DeNoce alleges that the retention agreements allegedly providing indemnity to Kwasigroch were back-dated and manufactured.

11

A cursory review of the record supports the bankruptcy court's determination that it lacked "related to" jurisdiction over the Torts Action. Bankruptcy jurisdiction includes all civil proceedings that are "related to" bankruptcy cases. See 28 U.S.C. § 1334(b). A civil proceeding is "related to" a bankruptcy case if the outcome of the proceeding could conceivably have any effect on the administration of the bankruptcy estate. Fietz v. Great W. Sav. (In re Fietz), 852 F.2d 455, 457 (9th Cir. 1988) (adopting the test in Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984) (hereafter, "Fietz/Pacor")).

Here, the bankruptcy court rejected Kwasigroch's alleged indemnity claim against Debtor and the bankruptcy estate as a basis for jurisdiction. It found that the possibility of an indemnity or contribution claim against Debtor or the estate, which existed only to the extent that Kwasigroch was first determined liable, was insufficient to establish jurisdiction. It noted that Kwasigroch's argument was precisely the argument rejected by the Pacor court.

In Pacor, the court determined that an action between non-debtor third parties had no effect on the debtor's bankruptcy estate. 743 F.2d at 995. It concluded that although the outcome of the subject action *potentially* gave rise to an indemnity claim against the estate, in the absence of contractual liability on the debtor's part, the outcome in the action would not definitively bind the debtor or determine its rights, liabilities, or next course of action. Id.

As the bankruptcy court here further noted, demonstrating

12

that Debtor was contractually obligated to indemnify Kwasigroch might have established "related to" jurisdiction. Kwasigroch, however, never presented the bankruptcy court with evidence of the retention agreements establishing such contractual liability. He referenced the potential indemnity claim in various papers, but did not refer to or attach any such retention agreements.

At the July 2012 hearing on the § 1447(c) award, Kwasigroch stated that he had a retention agreement with an indemnity provision. The record shows that he filed an amended proof of claim in Debtor's third bankruptcy case on the same day as the hearing, and he attached three copies of retention agreements executed by Debtor. Kwasigroch included the same copies in his excerpts of record. At the hearing, Kwasigroch advised the bankruptcy court that he amended his claim. The record, however, establishes that he never presented the bankruptcy court with the retention agreements directly and never otherwise provided evidence of their specific terms. Thus, notwithstanding that the retention agreements are part of Kwasigroch's excerpts of record, we do not consider them on appeal because Kwasigroch did not properly present them to the bankruptcy court. See Harkins Amusement Enters., Inc. v. Gen. Cinema Corp., 850 F.2d 477, 482 (9th Cir. 1988) (only documents properly presented to the trial court are part of the record on appeal and, thus, subject to consideration on appeal). Therefore, the bankruptcy court correctly concluded based on the only actual evidence before it that Kwasigroch's alleged indemnity claim was insufficient to establish "related to" jurisdiction under Fietz/Pacor as there was no evidence establishing actual contractual liability.

13

The bankruptcy court also determined, and we agree, that the Torts Action exclusively consisted of state law causes of action solely between non-debtor parties. Only one cause of action – for malicious prosecution – contained allegations involving Kwasigroch's acts in the bankruptcy proceedings. That cause of action, however, is based on state law, not bankruptcy law, and related to an adversary proceeding in Debtor's second bankruptcy case. This does not, in and of itself, satisfy the test for "related to" jurisdiction under Fietz/Pacor. Neither does the fact that DeNoce is a personal injury creditor of Debtor or that Kwasigroch is Debtor's bankruptcy counsel. Therefore, the record supports the bankruptcy court's determination that it lacked jurisdiction over the Torts Action.

Even if jurisdiction existed, however, the result under these facts would be the same; and the bankruptcy court expressly so stated. Kwasigroch erroneously equates bankruptcy jurisdiction with an objectively reasonable basis for removal. In many instances, jurisdiction may supply an objectively reasonable basis for seeking removal. Here, however, "related to" jurisdiction would not justify removal. Kwasigroch is an attorney. He was an active participant at the hearing where the bankruptcy court expressly stated that it would not hear state court claims. He was aware of the Stern decision. The Torts Action involved only non-debtor parties and only state court causes of action. On this record, we find nothing illogical, implausible, or unsupported by the record in relation to the bankruptcy court's determination to award a modest amount of fees and costs under § 1447(c). Therefore, we affirm the Award Order.

14

**C.  Kwasigroch Waived Issues and Arguments By Failing To Adequately Advance Them In His Opening Brief.**

In his opening brief, Kwasigroch made one brief reference to the bankruptcy court's evidentiary ruling. He states that DeNoce's declaration and exhibits were "not properly authenticated and [that] the declaration [was] full of argument, conjecture, speculation, and completely unfounded and lacking in personal knowledge as to the charges claimed." Apl't Op. Br. at 20-21. He did not elaborate on this point.

We do not consider matters not specifically and distinctly raised and argued in an opening brief, or arguments and allegations raised for the first time on appeal. See Padgett v. Wright, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam). As such, we do not consider the bankruptcy court's evidentiary ruling because Kwasigroch did not specifically or distinctly raise and argue that issue in his opening brief. We also note that much of the briefing and record on appeal involve a concerted effort by both parties to make irrelevant points about the nefarious nature of the other party. Nothing in the record shows that the bankruptcy court relied on such evidence in relation to the Award Order. As a result, any error in this regard would be harmless. See Van Zandt v. Mbunda (In re Mbunda), 484 B.R. 344, 355 (9th Cir. BAP 2012).

Kwasigroch also advances a number of arguments in his reply brief that he did not raise in his opening brief. We deem those arguments waived. See Alaska Ctr. for the Env't v. U.S. Forest Serv., 189 F.3d 851, 858 n.4 (9th Cir. 1999) ("Arguments not raised in [an] opening brief are waived.").

15

**D.    Motions Filed by the Parties During the Appeal.**

After Kwasigroch filed his reply brief, DeNoce filed a separate motion seeking sanctions ("Sanctions Motion")[7] against Kwasigroch under various theories,[8] including Rule 8020.[9] Kwasigroch timely opposed the Sanctions Motion, and DeNoce replied.

On March 20, 2013, only two days prior to oral argument, Kwasigroch filed a motion to supplement the record on appeal ("Motion to Supplement"). He attached 14 exhibits to this motion, including documents filed in Debtor's adversary proceedings and documents filed in state court. DeNoce opposed prior to oral argument, and Kwasigroch replied thereafter on March 26, 2013.

This appeal was deemed submitted on March 22, 2013. Following submission, DeNoce filed a supplemental motion for sanctions to include fees incurred in responding to the Motion to Supplement. Kwasigroch then filed an opposition, and DeNoce filed a reply. In response, this Panel entered an order on April 11, 2013, barring either party from filing any additional papers.

---

[7] After considering the motion and filed responses, this Panel issued an order advising that the Sanctions Motion would be considered with the merits of the present appeal.

[8] In addition, DeNoce moved for sanctions under 28 U.S.C. § 1927. We do not consider sanctions under this statute. Pursuant to In re DeVille, 361 F.3d at 546, bankruptcy courts are not courts of the United States. Consequently, we do not have the authority to impose sanctions under 28 U.S.C. § 1927.

[9] All "Rule" references are to the Federal Rules of Bankruptcy Procedure and all "Appellate Rule" references are to the Federal Rules of Appellate Procedure.

16

We address these motions as follows.

**1. Kwasigroch's Motion to Supplement the Record on Appeal.**

Parties to an appeal may supplement the record if there is a newly discovered fact or if it assists in clarifying the claims on appeal. See Morgan v. Safeway Stores, Inc., 884 F.2d 1211, 1213 (9th Cir. 1989); Pl.'s Class Claimants in N.J. Action v. Elsinore Corp. (In re Elsinore Corp.), 228 B.R. 731, 733 n.1 (9th Cir. BAP 1998).

Kwasigroch contends that he filed the Motion to Supplement in response to DeNoce's "opposition brief" (presumably, DeNoce's opening brief) and the Sanctions Motion. Kwasigroch, however, had the opportunity to respond to DeNoce's opening brief and to the Sanctions Motion. In fact, Kwasigroch did so. The exhibits attached to his Motion to Supplement do not contain "newly discovered evidence" or documents that assist us in clarifying his arguments on appeal. The documents simply re-hash the litigation history between the parties. Moreover, Kwasigroch filed his motion and exhibits just two days prior to oral argument. There was nothing in the motion or exhibits that Kwasigroch could not have addressed in his reply brief or in his opposition to the Sanctions Motion. Therefore, we deny Kwasigroch's Motion to Supplement.

**2. DeNoce's Request for Sanctions Under Rule 8020.**

DeNoce primarily moves for sanctions based on the frivolous nature of Kwasigroch's appeal and pursuant to Rule 8020 and Appellate Rule 38. He contends that a reasonable practitioner would know that an appeal challenging the Award Order under an abuse of discretion standard would fail. Thus, he argues that

17

the appeal is frivolous and that sanctions are warranted.  In his initial timely opposition, Kwasigroch states that the appeal is not frivolous in a single heading and that he stands on his briefs on appeal.

Rule 8020[10] provides that we may award damages and "single or double costs to the appellee" upon determining that an appeal is frivolous.  An appeal is frivolous when the result is obvious or the appellant's arguments of error wholly lack merit.  <u>George v. City of Morro Bay (In re George)</u>, 322 F.3d 586, 591 (9th Cir. 2003) (citation omitted).

Sanctions are also appropriate where the appellant simply seeks to re-litigate the trial court's factual findings without mounting a meritorious appeal.  <u>See</u> <u>DeWitt v. W. Pac. R.R. Co.</u>, 719 F.2d 1448, 1451 (9th Cir. 1983); <u>Convergence Corp. v. Sony Corp. of Am.</u>, 681 F.2d 622, 623 (9th Cir. 1982) (per curiam); <u>United States ex. rel. Ins. Co. of N. Am. v. Santa Fe Eng'rs, Inc.</u>, 567 F.2d 860, 861 (9th Cir. 1978) (per curiam).  Sanctions may also be appropriate where the appellant pursues appeal for an improper purpose.  This includes using the appellate process as a means to harass the appellee, <u>see</u> <u>Oliver v. Mercy Med. Ctr., Inc.</u>, 695 F.2d 379, 382 (9th Cir. 1982); <u>Franchise Tax Bd. v. Roberts (In re Roberts)</u>, 175 B.R. 339, 345 (9th Cir. BAP 1994);

---

[10]  Rule 8020 is based on Appellate Rule 38.  <u>See</u> Advisory Committee Notes to Rule 8020, 1997 Amendment (by conforming to the Appellate Rule 38 language, Rule 8020 recognizes that the BAP has authority to award damages and costs in connection with frivolous appeals).  Thus, we consider DeNoce's request under Rule 8020 and not Appellate Rule 38.  <u>See</u> <u>Marino v. Classic Auto Refinishing, Inc. (In re Marino)</u>, 234 B.R. 767, 770 (9th Cir. BAP 1999).

18

<u>Young v. Beugen (In re Beugen)</u>, 99 B.R. 961, 966 (9th Cir. BAP 1989), or as a dilatory tactic. <u>See</u> <u>DeWitt</u>, 719 F.2d at 1451; <u>Santa Fe Eng's</u>, 567 F.2d at 861.

Finally, sanctions may be appropriate based on submission of a substantively deficient appellate brief. This includes an incomprehensible brief, <u>see</u> <u>Hamblen v. Cnty. of Los Angeles</u>, 803 F.2d 462, 464 (9th Cir. 1986) (per curiam), or citations to authority that fail to support the appellant's argument. <u>See</u> <u>Mir v. Little Co. of Mary Hosp.</u>, 844 F.2d 646, 653 (9th Cir. 1988).

We determine that sanctions under Rule 8020 are appropriate. Kwasigroch's briefs on appeal are substantively deficient. Portions are incomprehensible. Kwasigroch makes allegations with little or no reference to the record or relevant legal authority. He copied and pasted several sections of a bankruptcy treatise into his opening brief without legal analysis of the pasted provisions. He presented several arguments for the first time in his reply brief and attached four exhibits; documents that were not part of the record on appeal and are not relevant to the appeal. After filing timely documents that were deficient, he apparently attempted to rectify the situation by filing the Motion to Supplement two days prior to oral argument. It attached 14 exhibits, consisting of 219 pages. The lengthy Motion to Supplement also did not comply with the applicable rules and did not contain newly discovered evidence or authority.

Kwasigroch has also mischaracterized Debtor's involvement in the removed Torts Action and in the present appeal. Some of his documents appear to indicate that Debtor was a co-defendant in the removed Torts Action or a co-appellant in the instant

19

appeal.[11]  But neither assertion is true.[12]

Were Kwasigroch a pro se litigant, his work product might be explainable.  But Kwasigroch is a licensed attorney.  He, indeed, acknowledges that he is a seasoned attorney of 25 years with no prior disciplinary issues.  Accepting this assertion as true, we conclude that there is no excuse for the deficiencies in Kwasigroch's filings.

Taken together, these facts suggest that Kwasigroch filed the present appeal, as the bankruptcy court aptly noted, as another step in a persistent pattern of improper litigation tactics.  We do not make any determination as to the culpability of either party in any of the bankruptcy proceedings or state court matters.  Our determination, however, is not made in a vacuum and, by definition, a pattern is a combination of acts or events forming a consistent arrangement.  The quality of Kwasigroch's filings before us falls below that of a seasoned attorney who genuinely seeks to avail himself of the protection of the law.  It is clear that Kwasigroch's goal was not to properly prosecute an appeal in relation to a small cost and fees award, but to inflict costs of appeal on DeNoce.  The filing of the Motion to Supplement, in particular, evidences such intent.

---

[11]  The Notice of Appeal identifies the parties appealing as "Michael D Kwasigroch and Ronald Neff."

[12]  We also recognize DeNoce's contention that Kwasigroch otherwise misrepresented the record on appeal in his reply brief. While there may be a basis for his assertion, it involves a matter in Debtor's second bankruptcy case.  Neither the pertinent order nor hearing transcript are part of the record on appeal. While we could exercise our discretion to review those documents, we choose not to.

20

Kwasigroch, as a self-represented attorney, was in a position to cause DeNoce significant costs and expenses in relation to this appeal. Therefore, sanctions under Rule 8020 are appropriate.

Having determined that sanctions are warranted, we award DeNoce damages in the form of attorneys' costs and expenses incurred in defending against the appeal. See In re Roberts, 175 B.R. at 345. He seeks approximately $38,475 in attorneys' fees, plus costs.[13] We decline to award the full amount requested given the small award amount at issue on this appeal, and the fact that DeNoce also includes significant irrelevant material in his documents. Therefore, sanctions in the amount of $10,000 are appropriate.

**3. DeNoce's Request for Sanctions for Noncompliance with Procedural Rules.**

DeNoce also moves for sanctions based on Kwasigroch's failure to comply with various federal rules of procedure, including the Rules, the BAP Rules, and the Appellate Rules.

In relevant part, Rule 8006 provides that an appellant must file a designation of items to be included in the record on appeal; the record on appeal then includes these designated items and certain items delineated in the rule. Rule 8009 requires the appellant to provide an excerpt of record as an appendix to its brief. Fed. R. Bankr. P. 8009(b); see also 9th Cir. R. 30-1 (describing contents of excerpt of record). Once the record on appeal is complete, the parties to the appeal may supplement the

---

[13] DeNoce submitted the declaration of appellate counsel and counsel's time invoices, which detail the fees incurred in defending the appeal.

21

record only by motion or formal request.  <u>Lowry v. Barnhart</u>, 329 F.3d 1019, 1025 (9th Cir. 2003).  A party to the appeal may not unilaterally supplement the record, particularly with documents that were not presented to the trial court.  <u>Id.</u>

Failure to comply with the rules typically results in striking the extraneous documents.  <u>Id.</u>  In cases involving particularly serious violations, however, the court may impose monetary sanctions.  <u>Id.</u> (citing 9th Cir. R. 30-2(d)).

In <u>Lowry</u>, the Ninth Circuit imposed monetary sanctions on the appellee when it included a document in its excerpts of record that did not exist when the trial court rendered its decision or when the appellant filed his opening brief.  <u>Id.</u> at 1025.  In doing so, the court noted that monetary sanctions may not be proper for less serious violations.  <u>Id.</u> at 1026 n.7.  This includes violations where the document improperly included entails a very small portion of the excerpts of record or the issue is one of first impression.  <u>Id.</u> (citations omitted).  <u>But see</u> <u>N/S Corp. v. Liberty Mut. Ins. Co.</u>, 127 F.3d 1145, 1146 (9th Cir. 1997) (appellant's briefs were struck and appeal was dismissed based on appellant's failure to comply with briefing rules); <u>Kano v. Nat'l Consumer Coop. Bank</u>, 22 F.3d 899, 899 (9th Cir. 1994) (monetary sanction for non-compliance with formatting rules).

In his Designation of Record on Appeal ("Designation of Record"), Kwasigroch identified a number of papers and exhibits, including most of the docket in the removed adversary proceeding, certain proofs of claim, and various documents and orders entered in the other bankruptcy cases and adversary proceedings.  None of

22

the four exhibits attached to Kwasigroch's reply brief, however, were included in his Designation of Record. Two of the exhibits were entered in Debtor's second bankruptcy case. The other two exhibits have absolutely no bearing on the appeal. Kwasigroch did not properly request leave to supplement the record prior to attaching the documents to his reply brief.

We agree that this behavior warrants sanctions. Nonetheless, given that we are imposing sanctions against Kwasigroch under Rule 8020, we decline to impose additional monetary sanctions for improperly supplementing the record. Instead, the exhibits attached to his reply brief are stricken, and we determine that this behavior provides a further basis for the sanctions already assessed.

### CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's order awarding costs and expenses under § 1447(c). We GRANT in part DeNoce's motion for sanctions under Rule 8020, and we DENY Kwasigroch's motion to supplement the record on appeal.